[Chipman v. Glennon.]

# Chipman *v.* Glennon.

| | |
|---|---|
| 98 | 263 |
| 103 | 403 |
| 103 | 415 |
| 104 | 341 |
| 98 | 263 |
| 121 | 153 |

*Action Against Sheriff and his Bondsmen for Damages for Wrongful Levy of Attachment.*

1. *Recitals of consideration, when not evidence.*—In a controversy between an attaching creditor and a transferee of the goods of a debtor, as to the validity of the transfer, the recitals in the bill of sale of a consideration, is not evidence against the attaching creditor.

2. *Same.*—In such contest, if the debt of the creditor is prior to the transfer by the debtor, the burden is upon the transferee or grantee to show that the consideration paid by him was both valuable and *adequate.*

3. *Facts putting purchaser upon inquiry.*—A creditor who takes goods from his debtor in payment of a pre-existing debt and assumes the payment of other debts of the debtor aggregating more than the amount of his own, with the knowledge that the debtor had reserved from the stock of goods sold, the amount exempt to him by law, is charged, as matter of law, with notice of the existence of other creditors of the debtor, if any exist.

APPEAL from Mobile Circuit Court.

Tried before the Hon. W. E. CLARKE.

This was a suit for damages brought by Chipman, Calley & Co. against Roper, the sheriff of Mobile county, Glennon and others, his official bondsmen, for an alleged wrongful levy by said sheriff, of an attachment sued out against A. Curtis, upon goods in the possession and belonging to the plaintiffs under purchase by them from said Curtis. There was an agreed statement of the facts, upon which the court gave the affirmative charge in favor of the defendants. The giving of this charge by the court is the only error assigned on this appeal.

M. D. WICKERSHAM and R. P. DESHON, for appellants. As to the burden of proof, cited *Sparkes v. Rawles,* 17 Ala. 211; *Lienkauf & Strauss v. Morris,* 66 Ala. 406; *Crawford v. Kirksey,* 55 Ala. 282.

G. L. & H. T. SMITH, and RICHARDSON & REESE, for appellees, cited, *Hubbard v. Allen,* 59 Ala. 296; *Skipper v. Reeves,* 93 Ala. 335; *Pollak v. Searcy,* 84 Ala. 259; *Caldwell v. Pollak,* 91 Ala. 358; *Robinson v. Moseley,* 93 Ala. 71; *Moore & Co. v. Peenn & Co.,* 95 Ala. 200; *Page v. Francis,* 97 Ala. —; *Smith v. Collins,* 94 Ala. 394.

[Chipman v. Glennon.]

COLEMAN, J.—The action was for damages for the wrong-ful levy by the sheriff of an attachment upon the goods of appellants, plaintiffs. There is no material conflict in the evidence, at least none that can exert any influence upon the question to be considered. The proof shows that on the 30th of November, 1887, Adam Curtis, who for many years had been engaged in the mercantile business in Mobile, of selling boots and shoes, by bill of sale, sold and conveyed his entire stock of goods, accounts, fixtures and lease to Chipman, Calley & Co. The consideration for the sale was the payment of a past due indebtedness to plaintiffs for $2,405.83, and the assumption by the purchaser of other past due indebtedness to other creditors of Curtis, amounting to $3,289.20, making a total past due indebtedness of $5,695.03, as the consideration. The debt due plaintiffs and those as-sumed by them were shown to be genuine, *bona fide* debts. The bill of sale of the goods, &c., was introduced in evidence, which contains a complete inventory of every thing sold, and the valuation of the goods at invoice prices. At invoice prices the goods foot up $8,769.63. The bill of sale places the total value at $5,995.43. There was no proof offered of the actual value of the goods sold, except the mere recitation in the bill of sale, as stated above. It was admitted that the claim upon which the attachment was sued out and lev-ied by the sheriff was a just debt against Adam Curtis, and existed prior to and at the time of the execution of the bill of sale to plaintiffs. There is no other proof in the record that Adam Curtis was in failing circumstances at the time of the sale, or that plaintiffs had any knowledge of his con-dition, except that to be inferred from the facts as stated in this opinion.

The court gave the general charge for the defendants. The giving of this charge is assigned as error, and is the ques-tion presented for review.

The recital in the bill of sale that the goods were valued at $5,995.43-100 was not evidence of their value against the defendants. The rule is thus declared : "When between the grantee and an existing creditor a controversy arises as to the validity of the conveyance, the recital of a considera-tion is the mere declaration or admission of the grantor, and is not evidence against the creditor."—*Hubbard v. Allen*, 59 Ala. 296. The same rule applies as to any mere recital of the value of goods or property sold. As against the de-fendants in this case, there is no competent evidence to show that an adequate consideration—a fair equivalent—was paid for the goods. The real value of the goods may have been

Vol. 98.

[Chipman v. Glennon.]

largely in excess of the price paid, or less. There is proof that plaintiffs paid a valuable consideration, consisting of the debt due plaintiffs and the debts due other creditors assumed and paid by them. There are many expressions in our decisions which declare as a general proposition of law, in a contest between a creditor of the grantor, and his grantee, attacking the validity of the grant, if it be shown that the debt of the attacking creditor existed prior to the grant, the burden is upon the grantee to show that he paid *both a valuable and adequate consideration.—Page v. Francis,* 97 Ala. 379; *Moore v. Penn.* 95 Ala. 200; *Skipper v. Reeves,* 93 Ala. 334; *Robinson v. Moseley,* 93 Ala. 70; *Caldwell v. Pollak,* 91 Ala. 358; *Mobile Sav. Bank v. McDonnell,* 89 Ala. 445.

The proposition is undoubtedly the law in this State in cases where the principle is applicable, and it applies in all cases where a sale is made in payment of a pre-existing indebtedness by a debtor in failing circumstances, which is known to the grantee, or under circumstances known to the grantee calculated to put him on enquiry which if followed up would lead to a knowledge that the grantor was insolvent or owed other debts, the collection of which would be hindered or delayed by the grant.

We hold however, that a creditor who takes goods from his debtor in payment of a pre-existing debt, unless the price paid is so grossly disproportionate to their value as to raise a presumption of fraud, without notice that there are other existing creditors or notice of facts sufficient to put him on inquiry, and which, if followed up, would lead to a knowledge of his debtor's condition, and that the effect of his purchase upon other creditors would be to hinder and delay them in the collection of their debts, cannot be charged with actual or constructive fraud. The mere proof, without more, that the debt antedated the grant does not devolve upon the grantee the burden to prove both a valuable and adequate consideration. If the grant is made upon a mere voluntary consideration it is void as against existing creditors. If made upon a valuable consideration, the attacking creditor must go further and show notice to the grantee of the existence of other debts, or circumstances sufficient to elicit inquiry, and which, if followed up would lead to a knowledge of their existence. When this is shown, then the burden is on the grantee to show an adequate consideration—one reasonably equivalent to the value of the goods taken in payment of the debt, as distinguished from a mere valuable consideration—sufficient to support the sale. This is the rule declared in *Smith v. Collins,* 94 Ala. 403, and is fairly deducible from *Smith v. Kaufman, Ib.* 364.

[Chipman v. Glennon.]

Unless this was the law an insolvent *bona fide* purchaser of property, for which he paid a valuable consideration, would be chargeable with fraud, and lose the benefit of an honest transaction, merely upon proof, that at the time of his purchase of the property, there were outstanding debts against his vendor, although the purchaser had no notice of their existence, or that his vendor was insolvent, or intended by the sale to defraud his creditors, or notice of facts sufficient to put him on inquiry.

The question then is, whether the statement of facts, as disclosed in the record, are of such a character as to charge the plaintiffs, as a conclusion of law, with notice that there were other debts outstanding against their grantor Curtis, or notice of such facts as to put them on reasonable inquiry. What are the facts? It appears that L. J. Calley, a member of the firm, who did business in Boston went to Mobile to collect the debt due his firm, amounting to $2,405.82-100. Not being able to collect in money, he was willing, and did, take in payment therefor merchandize. To affect this agreement, it became necessary to assume and pay other large debts of Adam Curtis past due to other creditors amounting in the aggregate to $3,289.20-100, a much larger amount than his own debt. That the debtor selected from the stock, and set apart for himself the amount allowed to him by law as exempt from legal process, and with the exception of the property exempt, the entire store, with its fixtures, books, accounts and stock were sold to plaintiffs. Considering the business that Adam Curtis was engaged in—the fact that plaintiffs could not collect in money, for the debt due them though past due, their knowledge that he owed other unpaid debts, which were set out in the bill of sale, and their assumption of these large debts, in order to secure the payment of their own, and the fact that Curtis reserved from the same the amount exempt to him by law, all of which are admitted to be true, and without explanation, we hold the plaintiffs were put upon inquiry. A merchant able to pay his debts would hardly go out of business in this manner. A merchant creditor, who feels reasonably secure in the collection of his debt in money, would not, under ordinary circumstances, receive payment in goods, and to obtain payment in this way, assume and pay other debts much larger than his own. We think these circumstances, as a matter of law were sufficient to put plaintiffs upon inquiry as to whether there were other unpaid creditors of their debtor, and if they failed to make inquiry, they are chargeable with a knowledge of such facts as a proper inquiry would have

[Bulger v. Ross.]

disclosed; and if there were other existing creditors at the time of their purchase, plaintiffs must be held to have purchased with a knowledge of such outstanding demands. Being chargeable in law, under the facts that there were other creditors not provided for, at the time of their purchase from Curtis, and it being admitted, that the demand of the attaching creditor, under which the sheriff levied, was just and antedated the sale, the burden was on the plaintiff to prove that the goods were received at a fair valuation, and equivalent for the price paid. Plaintiffs offered no evidence on this point, and the recitals in the bill of sale are not competent against the creditors of the grantee.

It follows that the court did not err in giving the affirmative charge for the defendant.

Affirmed.