## Schall v. Weil & Sons.

*Bill in Equity to set aside Fraudulent Couveyance.*

| 103 | 411 |
| 121 | 103 |

| 103 | 411 |
| 124 | 305 |

1.  *Fraudulent conveyance; burden of proof as to consideration.*—When an existing creditor attacks a conveyance executed by his debtor, as fraudulent and made to hinder, delay and defraud his creditors, and assails the consideration as simulated and fictitious, the *onus* is on the grantee to prove that the conveyance was founded on an adequate and valuable consideration ; and the recitals of said conveyance are not evidence in his favor as against the attacking creditor.

2.  *Same; sufficiency of evidence* —Where a creditor attacks as fraudulent a conveyance executed by his debtor, and assails the consideration as simulated and fictitious, and the bill avers, and the complainant's evidence shows, that the attacking creditor's debt against the alleged fraudulent grantor was in existence before, and at the time of, the conveyance, and the defendant grantee offers no proof, but relies on the denials of his answer, and the recitals of consideration in the deed to him, the burden that the law places upon the grantee has not been met, and the complainant is entitled to the relief prayed for.

APPEAL from the Chancery Court of Lauderdale.

Heard before the Hon. THOMAS COBBS.

The appellees, H. Weil & Sons, filed this bill against appellants, Charles and William Schall, in behalf of themselves and other creditors of William Schall, who should come in and make themselves parties, and contribute their proportion of the costs of the suit.

The bill alleges, that on the 3d day of October, 1892, complainants recovered a judgment against William Schall, for $173.70, and $30 costs, in the district court of Lauderdale county, which judgment was founded upon an indebtedness contracted by said Schall with complainants, prior to March 14, 1892, and that the same is still unsatisfied ; that on the 14th of March, 1892, said William Schall conveyed to defendant, Charles Schall, his brother, for a recited consideration of $3,000, cash in hand paid, his undivided half interest in certain lands described in the bill ; that for several years prior to March 14th, 1892, said William Schall had been engaged in running a grocery at Florence, Alabama,

and prior to that date, was indebted to complainants and other creditors, for goods, wares and merchandise furnished to him, and on information and belief, complainants charge, that he was so indebted, to the extent of $2,500, and his creditors were pressing said Schall for payment; that about six weeks prior to March 14th, 1892, and about a month or six weeks prior to the spring term of the circuit court of Lauderdale county, for 1892, said William Schall left said county, and went to the State of Ohio, leaving his indebtedness to complainants and others unpaid, and from Ohio he sent a deed conveying his lands and lots in said county, described in the bill, to his brother, Charles Schall. And it is averred, that the real estate described in the bill, was worth the sum of $3,000, at the time it was conveyed to said Charles Schall, but it is charged that said conveyance was voluntary and without consideration, and was made for the purpose of shielding said property from being subjected to the satisfaction of said indebtedness due from said William Schall to the complainants and his other creditors, and for the purpose of hindering, delaying and defrauding the creditors of William Schall.

The bill contains the alternative statement, that if complainants are mistaken in stating that said conveyance was wholly voluntary and without consideration, that then complainants charge that the consideration expressed in said deed is in large part, if not altogether, simulated; that Charles Schall has not paid William Schall the consideration mentioned in said deed for said lands; that he holds the interest of William Schall in said lands upon some secret trust for the benefit of said William, and for the purpose of shielding the said property from being subjected to the satisfaction of the debts due from said William, at the time said conveyance was executed; and it is averred that said conveyance was executed for the purpose of hindering, delaying and defrauding the creditors of said William.

The prayer is, that said conveyance be declared fraudulent and void, and for a sale of said William Schall's undivided half interest in said lands, or so much thereof as may be necessary for the satisfaction of the amount due complainants, and costs of this suit, and for general relief.

The bill was taken as confessed, as to William Schall. The defendant, Charles Schall, answered, that he had no knowledge of the indebtedness of said William to complainants, as averred in the bill, and required proof thereof; that it is true, as charged, that on the 14th March, 1892, said William conveyed to him, for the consideration mentioned in the deed, one-half interest in the lands described in the bill; that he does not know whether said William owed complainants anything or not, and does not know to whom he was indebted, nor in what sum or sums, if any, nor that his creditors were pressing him. It was admitted, that said William left this State about the first of the year, 1892, and was living in the State of Ohio; that the allegations of the bill as to said conveyance being voluntary, and made for the purpose of shielding said property from the payment of the debts of said William, are untrue, as stated; that he paid said William a full and valuable consideration for the property conveyed by him, evidenced by said deed, and that the allegations, to the effect, that the consideration mentioned in said deed is, in large part, if not altogether, simulated, and that respondent has not paid to said William the consideration mentioned in said deed for said lands, and that he holds the interest of said William, upon secret trust for the benefit of said William, for the purpose and with the intent expressed in the bill, is unfounded and untrue; that respondent has paid a valuable consideration for said property, and owes said William nothing on the purchase of said lands.

On the hearing, the complainants introduced the transcript of the judgment in their favor against said William Schall, in the district court of Lauderdale county, rendered as stated in the bill, the decree *pro confesso* against said William, and the deposition of Henry Weil, a member of the complainant firm, who testified that William Schall contracted the debts on which said judgment was founded—$81.40 of it, on the 12th September, 1891, and $80.75, on November 7, 1891—and that the judgment has never been paid. The defendant introduced no proofs. The defendant moved to dismiss the bill for want of equity. The court rendered it decree overruling that motion, and decreeing relief to complainants, and holding that said conveyance was made to hinder, delay and

defraud the creditors of said William, and was null and void as to complainants, and condemning the interest of said Schall in said lands to pay the debt owing by him to complainants. From this decree the defendant, Charles Schall, appeals, and assigns the same as error.

PICKETT & CROW, for appellant.—An unsworn answer does not lose all force as evidence in a cause where it is responsive to the bill, it only changes the rule in regard to the weight of evidence.—*Latham v. Staples*, 46 Ala. 462.

B. M. JACKSON, *contra*.—The demand of H. Weil. & Sons, being prior in date of existence to the conveyance by Wm. Schall to Charles Schall, the burden of proving a valuable and adequate consideration for the conveyance was cast upon the grantee ; and no evidence having been offered tending to show that any valuable consideration moved from Charles Schall for the said conveyance, the chancellor's decree was manifestly right in holding the conveyance fraudulent as against the demand of complainant.—*Hubbard v. Allen*, 59 Ala. 283; *Zelnicker v. Brigham*, 74 Ala. 598 ; *Hamilton v. Blackwell*, 60 Ala. 545.

HARALSON, J.—This is a contest between the appellees, creditors of the grantor, and the grantee in a conveyance, on a bill filed by the former, assailing the validity of the conveyance, as having been made to hinder, delay and defraud the complainants, who were creditors of the grantor, at the time the conveyance was made.

In such a contest, the *onus* of proving that the conveyance was founded on an adequate and valuable consideration, is upon the grantee. The bill in this case averred, and the proof showed, the comlainants' claim against the alleged fraudulent grantor was in existence before, and at the time of the conveyance to the grantee. It has long been settled in this State, that in a controversy of this character, the recital of the consideration of a deed thus assailed, is not evidence against the creditor, and is the mere declaration or admission of the grantor, as between him and the grantee.

There was no prof on the part of the grantee as to the consideration of this deed. He relied upon the denials in his answer, and supposed these put the burden of

proof of the allegations of the bill on the complainants. Under our uniform rulings, we must regard the conveyance as voluntary and fraudulent.—*Hubbard v. Allen*, 59 Ala. 233; *Hamilton v. Blackwell*, 60 Ala. 545; *Zelnicker v. Brigham*, 74 Ala. 598; *Thorington v. City Council of Montgomery*, 88 Ala. 552; *Chipman v. Glennon*, 98 Ala. 263.

There was no error in the decree of the chancery court, and it must be affirmed.