# Gunn v. Hardy *et al.*

## *Statutory Action of Ejectment.*

1.  *Character of action; how determined.*—For the purpose of determining the nature and character of a demand, whether in tort or contract, when it is not. disclosed in the judgment or decree rendered in the action, it is competent to look to the record beyond the judgment or decree and to all pleadings, orders, etc., in the case, to ascertain not only the cause of action, but when the right or claim arose upon which the judgment or decree is based.

2.  *Same; judgment in tort; no exemption allowed.*—A judgment or decree awarding damages for a tort partakes of the character or nature of the cause of action; and being, therefore, a claim or liability *ex delicto*, no exemption can be claimed against the enforcement of such a judgment or decree.

3.  *Damages for use and occupation tortious; no exemption allowed.* The awarding of mesne profits, or damages for use and occupation, incident to the wrongful possession of land, is the awarding of damages resulting from the commission of a tort; and against a judgment or decree for such mesne profits or damages, exemptions will not be allowed.

4.  *Claim for damages from tort; when they arise.*—The claim for damages arising from a tort accuses immediately upon the commission of the wrong; and, therefore, damages awarded for the commission of a tort, which is continuing in its nature, relate back to the inception of the wrong, and become an exist-

[Gunn v. Hardy *et al.*]

ing claim or demand against the tort-feasor from the date of its original commission; and a party injured by a tortious act is an "existing creditor" of the tort-feasor from the date of the commission of the wrong.

5. *Same; persons having such claim creditors within meaning of the statute.*—Claims for damages arising from torts are within the protection of the statute of frauds; and persons having such claims are regarded and treated as "creditors" within the meaning of the statute against fraudulent conveyances.

6. *Voluntary conveyances; void as to existing creditors.*—Voluntary conveyances are void as to existing creditors, without regard to the intent with which such conveyances are made.

7. *Same; when voluntary; nominal consideration.*—A deed founded upon and expressing a merely nominal consideration is voluntary as to creditors; and a consideration expressed in a deed as "the sum of one dollar and the further consideration that I wish to provide a home for my family," is merely nominal, and renders the deed voluntary as to existing creditors.

8. *Purchaser at execution sale; right to maintain action of ejectment.*—A purchaser of land at a sheriff's sale under an execution issued on a judgment against a debtor, who has, prior to the levy of the execution, made a fraudulent conversion of said land, can maintain an action of ejectment against the grantee in said conveyance to recover possession of the land.

APPEAL from the Circuit Court of Shelby.

Tried before the Hon. J. B. GRAHAM, Special Judge.

This was a statutory action of ejectment, brought by the appellant, J. H. Gunn, against the appellees, J. D. Hardy and his wife, Louvisa Hardy.

The facts disclosed by the bill of exceptions in this case are as follows: James D. Hardy brought an action of ejectment in the circuit court of Shelby county against J. H. Gunn, to recover the possession of a certain lot in the town of Calera, designated as lot No. 3. The plaintiff in said action based his right of recovery upon a deed executed to him on January 20, 1880, by one J. R. Keenan and wife, and R. M. Patton and wife. In this suit he recovered a judgment at the fall term, 1882, of said court, and under a writ of possession issued under said judgment, said Hardy went into possession of said lot on March 15, 1883. On October 29, 1883, J. H. Gunn, who was the defendant in said

[Gunn v. Hardy et al.]

action of ejectment, filed a bill in the chancery court against said J. D. Hardy and others, in which he averred the recovery of the judgment by Hardy against him in the ejectment suit, and set out at length the facts to show that he, Gunn, complainant in said bill in equity, was the holder of a superior equitable title, but was not able to interpose said defense in the action at law. The purpose of this bill in equity filed by Gunn, as shown by its averments and the prayer, was to establish his superior title to said lot No. 3, and to divest the legal title of said lot out of James D. Hardy and to invest it in the complainant.

Upon the final submission of said chancery suit upon the pleading and proof, the chancellor adjudged that his title was superior to that of Hardy; that Hardy was wrongfully in the possession of said lot No. 3, and ordered a reference to the register to ascertain, among other things, what was the reasonable rental value of lot No. 3 during the wrongful possession of it by the defendant, J. D. Hardy. In accordance with this decree, the register held a reference, and in his report to the chancellor as to a reasonable rental value of lot No. 3, fixed such rental at $4 per month, and, ascertaining that the said Hardy had been in the wrongful possession of said lot for eighty-six (86) months, fixed the amount of recovery for use and occupation at three hundred and forty-four dollars ($344). Upon the coming in of the report of the register, the chancellor rendered a decree confirming the report in all respects, and ordered that the absolute fee simple title in the lot No. 3 be divested out of Hardy and invested in Gunn, and that the complainant recover of said Hardy the sum of $344—the rental value for 86 months at $4 per month—for the use and occupation of said lot during the time he had been in the wrongful possession thereof, and further ordered that execution issue upon this decree to enforce the collection of said $344. This decree was rendered in September, 1890, and execution was issued thereon. This execution was levied upon a house and lot in the city of Calera as the property of James D. Hardy, and said house and lot were sold on

December 18, 1893, under said levy, and at said sale J. H. Gunn became the purchaser of the house and lot so levied upon. On January 3, 1894, the sheriff of Shelby county executed a deed to said J. H. Gunn, reciting the issuance of said execution and the levy of it upon said property, and that the purchase price bid at said sale had been paid, and thereby conveyed to said James H. Gunn the house and lot so levied upon.

On February 16, 1894, the said J. H. Gunn brought the present action of ejectment against the said James D. Hardy and his wife, Louvisa A. Hardy, to recover possession of the house and lot purchased by the said Gunn at the sheriff's sale under the execution which had been issued upon the decree rendered in the chancery suit. The defendants pleaded not guilty. The minute entry recites that "by permission of the court the defendant, J. D. Hardy, withdraws plea of not guilty and leave to file plea of disclaimer in his behalf is granted."

The defendants introduced in evidence a deed bearing date January 30, 1886, from J. D. Hardy to his wife, Louvisa Hardy, in which he conveyed the said lot involved in the present ejectment suit, upon the recited consideration of "one dollar and the further consideration that I wish to provide a home for my family." It is under this deed the defendant Louvisa Hardy claims title to the lot here sued for.

Upon the introduction of all the evidence, the court in its general charge instructed the jury, among other things, as follows: "I charge you that as a part of the debt from J. D. Hardy to J. H. Gunn for which the property was sold accrued after the date of the deed from J. D. Hardy to his wife Louvisa Hardy, therefore, the said J. H. Gunn was not an existing creditor of J. D. Hardy at the time of said conveyance so as to make said conveyance fraudulent as to the judgment in chancery for said debt under which said property was sold, but that as to said judgment the said J. H. Gunn was a subsequent creditor of said J. D. Hardy." To the giving of this part of the court's general charge, the plaintiff duly and separately excepted, and also separately excepted to the court's refusal to give the follow-

ing written charge requested by him: "If the jury believe the evidence in this case, they will find for the plaintiff."

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error, among other rulings of the trial court, the refusal of the court to give the general affirmative charge requested by him.

PHARES COLEMAN, for appellant.—A purchaser of land at a sheriff's sale under an execution issued on a judgment against a debtor, who has prior to the levy of the execution made a fraudulent conveyance of said land, can maintain an action of ejectment against the grantee in said conveyance to recover possession of the land.—*Teague v. Martin,* 87 Ala. 500; *Betts v. Nichols,* 84 Ala. 275; *Goodbar v. Daniel,* 88 Ala. 583; *Pitts v. Glover,* 68 Ala. 473; *Grigg v. Swindall,* 67 Ala. 187; *Smith v. Cockrell,* 66 Ala. 64.

Voluntary conveyances are void as to existing creditors, without regard to the intent with which such conveyances are made.—*Beall v. Lehman-Durr Co.,* 110 Ala. 446; *Craft v. Wilcox,* 102 Ala. 370; *First National Bank v. Kennedy,* 91 Ala. 470; *Seals v. Robinson,* 75 Ala. 363; *Fellow v. Lewis,* 65 Ala. 343; *Huggins v. Perrine,* 30 Ala. 396; *Stiles v. Lightfoot,* 26 Ala. 443; *Gonnard v. Eslava,* 20 Ala. 732; *Foote v. Cobb,* 18 Ala. 585; *Moore v. Spence,* 6 Ala. 506; *Miller v. Thompson,* 3 Port. 196, and the many authorities cited to section 2156 of Code of 1896.

The execution of a voluntary conveyance by a debtor is regarded with suspicion; and the law raises a presumption of fraud in the execution. Therefore, the burden of proof rests upon the grantee in such a conveyance to establish the facts and circumstances which will repel the presumption of a fraudulent intent in the execution of such a conveyance.—Bump on Fraudulent Conveyances, §§ 249, 256, 202-206; *McTeers v. Perkins,* 106 Aa. 411; *Thompson v. Towers Manfg. Co.,* 104 Ala. 140; *Schall v. Weil,* 103 Ala. 411; *Page v. Francis,* 97 Ala. 379; *Robinson v. Moseley,* 93 Ala. 70; *Zelnicker v. Brigham,* 74 Ala. 598; *Buchanan v. Buchanan,* 72 Ala.

55; *Gordon v. Tweedy,* 71 Ala. 202; *Harrell v. Mitchell,* 61 Ala. 270; *Hamilton v. Blackwell,* 60 Ala. 545; *Hubbard v. Allen,* 59 Ala. 283.

Claims for damages arising from torts are within the protection of the statute of frauds; and persons having such claims are regarded and treated as "creditors" within the meaning of the statute against fraudulent conveyances.—*Burling v. Bishop,* 29 Beav. 417; *Fox v. Hill,* 1 Conn. 295; *Westmoreland v. Powell,* 59 Ga. 256; *Walradt v. Brown,* 1 Gilm. 397; s. c. 41 Am. Dec. 190; *Bongard v. Block,* 81 Ill. 186; *Wright v. Brandis,* 1 Ind. 336; *Shean v. Shay,* 42 Ind. 375; *Corder v. Williams,* 40 Iowa, 582; *Weir v. Day,* 57 Iowa, 84; *McLear v. Morgan,* 5 B. Mon. 282; *Cooke v. Cooke,* 43 Md. 522; *Clapp v. Weatherbee,* 18 Pick. 131; *Paul v. Croker,* 8 N. H. 288; *Scott v. Hartman,* 26 N. J. Eq. 89; *Post v. Stiger,* 29 N. J. Eq. 554; *Jackson v. Myers,* 18 Johns. 425; *Wilcox v. Fitch,* 20 Johns. 472; *Pendleton v. Hughes,* 65 Barb. 136; *Ford v. Johnston,* 7 Hun. 563; *Martin v. Walker,* 12 Hun. 46; *Miner v. Warner,* 2 Grant, 448; *Lowry v. Pinson,* 2 Bailey, 324; *Smith v. Culberson,* 9 Rich. L. 106; *Langford v. Fly,* 7 Hump. 585; *Farnsworth v. Bell,* 5 Sneed, 531; *Patrick v. Ford,* 5 Sneed, 532, note; *Vance v. Smith,* 2 Heisk. 343; *Harris v. Harris,* 23 Gratt. 737; *Hoffman v. Junk,* 51 Wis. 613; *Lillard v. McGee,* 4 Bibb, 165; *Greer v. Wright,* 6 Gratt. 154; s. c. 52 Am. Dec. 101; Bump on Fraudulent Conv., §§ 502, 503, 255; Wait on Fraudulent Conv., §§ 89-90, 123.

The claim for damages arising from a tort accrues immediately upon the commission of the wrong; and therefore, damages awarded for the commission of a tort, which is continuing in its nature, relate back to the inception of the wrong, and become an existing claim or demand against the tort-feasor from the date of its original commission, and a party injured by a tortious act is an "existing creditor" of the tort-feasor from the date of the commission of the wrong.—*Patrick v. Ford,* 5 Sneed, 532, note; *Shean v. Shay,* 42 Ind. 375; *Bongard v. Block,* 81 Ill.; s. c. 52 Amer. Rep., 276; *Vance v. Smith,* 2 Heisk. 342; *Corder v. Williams,* 40 Iowa, 582; *Slater v. Sherman,* 5 Bush (Ky.), 296;

[Gunn v. Hardy *et al.*]

and the many authorities cited to the preceding proposition; Bump on Fraudl. Convey., §§ 506, 507; Wait on Fraudl. Convey., §§ 89, 90.

A judgment or decree awarding damages for a tort partakes of the character or nature of the cause of action; and being, therefore, a claim or liability *ex delicto*, no exemption can be claimed against the enforcement of such a judgment or decree.—*Dangaix v. Lunsford,* 112 Ala. 403; *Wright v. Jones,* 103 Ala. 539; *Callen v. Schuessler,* 86 Ala. 527; *Schuessler v. Dudley,* 80 Ala. 547; *Vincent v. State,* 74 Ala. 274; *McLaren v. Anderson,* 81 Ala. 106; *Penton v. Diamond,* 92 Ala. 610; *Stuckey v. McKibbon,* 92 Ala. 622; *Meredith v. Holmes,* 68 Ala. 190.

The awarding of mesne profits or damages for use and occupation, incident to the wrongful possession of land, is the awarding of damages resulting from the commission of a tort; and against a judgment or decree from such mesne profits or damages, exemptions will not be allowed.—*Penton v. Diamond,* 92 Ala. 610; *Stuckey v. McKibbon,* 92 Ala. 622; *Ex part Barnes,* 84 Ala. 540; *McLaren v. Anderson,* 81 Ala. 106; *Vincent v. State,* 74 Ala. 276; *Williams v. Bowden,* 69 Ala. 443; *Meredith v. Holmes,* 68 Ala. 190.

SMITH & SMITH and KNOX, BOWIE & DIXON, *contra.* It is contended by the appellant, that, as the deed of gift by J. D. Hardy to his wife of the homestead was after J. D. Hardy took possession of the other land, the subject matter of the bill in chancery, and commenced to rent it, the deed is void as against appellant, who sold the homestead under the decree of the chancery court. Appellee contends that a part of the rent of the lands, the subject matter of the chancery court decree, being collected after the conveyance of the homestead to Mrs. Hardy, and being blended in the decree, which was of subsequent date, with existing collections, appellant became a subsequent creditor, and not a prior creditor and that an *actual fraudulent intention* would have to be shown to make the sale invalid.—*Usher v. Hozleton,* 17 Am. Dec. 253; *Mortz v.*

*Huffman,* 35 Ill. 558; Wait on Fraudulent Convey-
ances, 168, § 105; 158, § 99.

This is true in a court of law, where the subsequent
and prior items are blended in one inseparable debt by
a judgment for the entire amount, but may not be true
in a court of equity, in an action to set aside a volun-
tary conveyance as in fraud of creditors, which has
power to segregate the debt.—*Cole v. Brown,* 114 Mich.
396; *Henderson v. Henderson,* 133 Pa. 399.

The bill in chancery as amended, was in the nature
of an action for money had and received, and as such
the complainant was a creditor for the various sums
from the date of their receipt by appellee, J. D. Hardy,
a part of which, according to the evidence was after
the deed from J. D. Hardy to his wife conveying the
home place. Had the appellant sought to have charged
the appellee with the *use of the* place, or *value of* the
rent thereof, it is possible that the account would make
the appellant a creditor of the date of the contractual
relation, but when the appellant sought to charge ap-
pellee with *rents collected,* then it is plain that he was
a creditor from the date of each amount so received.
If the transaction of the appellee against him by which
a decree was recovered was tortious, by seeking to
charge and charging him in the chancery court for
rents received, the tort was waived, and as to each item
received appellee became liable as for money had and
received of that date.—*Smith v. Wiley,* 22 Ala. 396;
*Miller v. King,* 67 Ala. 575; Encyc. Pleading & Prac-
tice, 1022.

Under our statute against fraudulent conveyances,
to avoid the sale as to creditors or purchasers, there
must be an actual intention to defraud, in order to at-
tack the sale in a court of law as being entirely and
absolutely void.—*Gilliland v. Fenn,* 90 Ala. 230; *Gard-
ner v. Boothe,* 31 Ala. 186.

TYSON, J.—Plaintiff claims title to the lot in con-
troversy under a sheriff's deed made to him as pur-
chaser at an execution sale, had on December 18, 1893.
This execution was against J. D. Hardy and was issued
out of the chancery court to enforce the collection of

three hundred and forty-four dollars recovered by the plaintiff of him for the use and occupation of a certain lot, the title to which and the right of possession was involved in that suit and the costs thereof amounting to $226.55. The suit in the chancery court was commenced in 1883, and during its pendency in 1886, Hardy being the owner of and occupying the lot in controversy as his homestead, executed to his wife the deed under which she claims title to it. The deed is attacked for being fraudulent and void as against the plaintiff who, it is contended, was a creditor at the date of its execution against whose demand there is no exemption under the constitution and statutes of this State.

It cannot be doubted that if the damages recovered in the chancery court, and for which the execution was issued to enforce, were for a tort, that Hardy was not entitled to claim the lot involved in this suit as exempt from levy and sale under the execution. It is only against debts or demands arising out of contract that a homestead exemption is allowed the debtor.—Art. X, § 2 of Const.; § 2033 of Code; *Meredith v. Holmes,* 68 Ala. 190; *Williams v. Bowden,* 69 Ala. 433; *McLaren v. Anderson,* 81 Ala. 106; *Vincent v. The State,* 74 Ala. 274; *Wright v. Jones,* 103 Ala. 539.

For the purpose of determining the nature and character of the demand, whether in tort or contract, when not disclosed in the decree, it is competent to look at all the pleadings, orders, etc., in the cause.—*Northern v. Hanners,* 121 Ala. 590, and authorities therein cited. The record in that cause discloses that Hardy's liability, enforced by the execution, resulting in the purchase by the plaintiff of the lot in controversy, arose not out of any contract between him and the plaintiff, but out of his tortious possession of the lot involved in that suit. No contractual relations whatever existed between them with reference to the title to that lot or the right to the possession of it by Hardy. He went into the possession of it, not by the consent of Gunn, express or implied. It was only after Hardy recovered it in an action of ejectment and a writ of possession issued against Gunn that he surrendered the possession

[Gunn v. Hardy *et al.*]

of it, and Hardy took possession. It was for the unlawful use and occupancy by Hardy that Gunn recovered the damages in the chancery case. And as against that recovery, the lot in dispute was not exempt to Hardy as a homestead, and as against that demand, if the plaintiff is a creditor within the meaning of the statute of frauds and entitled to its protection against fraudulent conveyances, the deed to Mrs. Hardy is void.

Was the plaintiff a creditor, at the date of the deed to Mrs. Hardy, within the meaning of section 2156 of the Code?

As the decree adjudging Hardy liable for damages is only evidence of the existence of his liability at the date of its rendition, and as Mrs. Hardy's deed antedates the rendition of the decree, we are authorized to look to the record beyond the decree for the purpose of ascertaining not only the cause of action, but when the right or claim arose upon which the decree is based. *Yeend v. Weeks*, 104 Ala. 340. Consulting the record, we find that at the date of the deed to Mrs. Hardy, Hardy was liable to the complainant in that suit, plaintiff in this one, for use and occupation for nearly three years. In other words, had the decree been rendered just prior to the execution of the deed, Hardy's liability would have been nearly one-half of the amount recovered of him. As the measure of damages recoverable was the value of the lot, and as this is shown to have been four dollars per month, it requires but a simple mathematical calculation to ascertain the extent of Hardy's liability when the deed was made.

Recurring to the question propounded above, while it has not been decided in this State, there are many decisions in other States directly on the point under statutes substantially the same as ours. These cases can be found in a note of Mr. Freeman's in 52 Am. Dec. 114. That author after examining them says: "Claims for damages arising from torts are almost universally regarded as within the protection of the statutes against fraudulent conveyances. Persons having such claims are treated as creditors within the meaning of the statutes."

Having shown that plaintiff's cause of action against

his debtor Hardy, the grantor in the deed under which Mrs. Hardy claims title to the lot in controversy, arose some years before that deed as executed, and that he was a creditor of Hardy at and prior to its execution, the case is one of an existing creditor attacking the deed as fraudulent. The consideration expressed upon the face of this deed is in these words: "the sum of one dollar and the further consideration that I wish to provide a home for my family." In *Houston v. Blackman,* 66 Ala. 564, this court held, that a deed expressing substantially the same consideration as this one was voluntary as against creditors, and that parol evidence was inadmissible to show that it was founded on a valuable consideration. It was there said: "There can be no doubt, that a deed founded on, and expressing a merely nominal consideration, must be deemed voluntary as to creditors." To the same effect is *Murphy v. Branch Bank of Mobile,* 16 Ala. 90, where the consideration expressed was in the deed "for and in consideration of his [the grantor's] anxiety to provide for his said wife a competent support, in case of any future misfortune and embarrassment and in and for the further consideration of one dollar in hand paid," etc. The deed being a voluntary conveyance, it is "void *per se* as to existing creditors without regard to the intention of the parties or to the circumstances of the grantor or the amount of his indebtedness or to the kind, value or extent of the property conveyed."—*Beall et al. v. Lehman, Durr & Co.,* 110 Ala. 446; *Sides v. Scharff Bros.,* 93 Ala. 106.

It has been too frequently decided by this court to be now a matter of serious doubt, that a purchaser of land at a sheriff's sale under execution against a debtor who has made a fraudulent conveyance of the legal title to his vendee may maintain an action of ejectment for its recovery. Indeed, it is the only remedy he has.—*Smith v. Cockrell,* 66 Ala. 64; *Grigg v. Swindall,* 67 Ala. 187; *Pettus v. Glover,* 68 Ala. 417; *Betts v. Nichols,* 84 Ala. 278; *Teague v. Martin,* 87 Ala. 599; *Goodbar v. Daniel,* 88 Ala. 583.

The affirmative charge requested by plaintiff should have been given.

Reversed and remanded.