# Calvert, *et al.* *v.* Calvert.

*Bill to Set Aside Fraudulent Conveyances.*

(Decided May 30, 1912. Rehearing denied December 17, 1912. 60 South. 261.)

1. *Fraudulent Conveyances; Consideration; Burden of Proof.*—Where the answer admitted the equities of the bill, except as to the bona fides and the consideration, the burden as to them being on the respondents, and the case was submitted on the bill to set aside fraudulent conveyances. the exhibits and the answers, and no other proof was offered, the chancellor properly granted complainant relief.

2. *Discovery; Interrogatories to Adverse Party; Introduction.*—Interrogatories propounded to an adverse party are in the nature of a substitue for a bill of discovery and the answers thereto are admissible only when offered by the party taking them; therefore they cannot be introduced by the party making the answers over the objections of the party taking them.

APPEAL from Blount Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Bill by Jim Calvert against Joe Calvert and another to set aside and annul certain conveyances alleged to be fraudulent. From a decree granting plaintiff relief respondents appeal. Affirmed.

RUSSELL & JOHNSON and GASTON & PETTUS, for appellant. Exhibits to bills must be proven or admitted

by respondent.—*Dawson v. Burns,* 73 Ala. 111; *Scott v. Brassell,* 132 Ala. 660; *Baker v. Young,* 90 Ala. 426; Rules 16 and 64 Chancery Practice; section 3141, Code, 1907. Where the hearing is on the bill and answer the complainant is not entitled to a decree unless it be on the admitted allegations of the bill.—*Reese v. Barker,* 85 Ala. 474; *Winters v. Montgomery,* 83 Ala. 389; 16 Cyc. 383. It cannot be said from the answer that the allegations of the third paragraph were admitted.— *Latham v. Stapleton,* 46 Ala. 452; *Lockhart v. Troy,* 48 Ala. 579; *Savage v. Beecham,* 17 Ala. 119; *Lampley v. Weed,* 27 Ala. 629. While it is true that evidence taken by depositions against the adverse party can only be introduced in evidence by the party taking them, it is submitted that the note of submission in this case contained a submission on this testimony.—8 Words & Phrases, 6933; *Brockhard v. Clements,* 23 Ala. 296; *Sou. Ry. Co. v. Hudgins,* 116 Ala. 384; sections 3138 and 4053, Code 1907. The note of testimony is conclusive as to what is offered.—Section 373, Sims Chan. Pr.; *Reese v. Barker,* 85 Ala. 474; *Tatum v. Yahn,* 130 Ala. 575; Rule 76 Chancery Practice.

W. A. WEAVER, for appellee. The depositions were not offered by the complainant and hence the court had no right to consider the same and base a decision thereon.—Article 9, chapter 84, Code, 1907; *Southern Ry. Co. v. Hubbard,* 22 South. 541. All the averments in the bill in this case were admitted, except the bona fides and the consideration and the burden as to these matters was on the respondent and he offered no proof. Hence the chancellor could not find otherwise than as he did.—*Sides v. Schaiff,* 9 South. 228; *Robinson v. Moseley,* 9 South. 372; *Schall v. Weil,* 15 South. 829; *Wood v. Peeples,* 25 South. 722; *Watts v. Burgess,* 30 South. 868; *Noble v. Gilliam,* 30 South. 861.

MAYFIELD, J.—The bill in this case was filed to set aside and annul, as fraudulent, two conveyances made by Joe Calvert to Vida Calvert (appellants), copies of which are attached as exhibits to the bill. One of the conveyances is of land, and the other of personalty. The recited consideration of the first is love and affection and the payment of $100, while that of the second is love and affection and the payment of $50.

The bill alleges that appellee was a creditor of Joe Calvert, the grantor, in this manner: That prior to the time of the conveyances Joe Calvert committed an assault and battery upon appellee, and that thereafter appellee obtained a judgment against Joe Calvert in the sum of $1,000, and that between the time of the assault and the obtaining of the judgment Joe Calvert conveyed the property described, being substantially all that he had, to his wife, in order to hinder, delay, or defraud appellee, his creditor. It further alleges "that there was no consideration passing from said Vida Calvert to said Joe Calvert, or that the consideration therefor was simulated." The answers admitted all the averments of the bill, except that the conveyances were fraudulent, and that there was no consideration therefor, or that the consideration was simulated, and averred: "Respondents deny that the consideration for said conveyances are simulated, or that they were made to hinder or delay or defraud the complainant in any way; but respondents say that, in addition to the consideration expressed in the conveyances of which exhibits purport to be a copy, the respondent Vida Calvert paid out for respondent Joe Calvert, or assumed the payment of, the following debts: The payment of $450 which were mortgage debts against the lands described in the bill of complaint, and the assumption by respondent of the payment of $50 due by respondent Joe Cal-

vert to Joe Albrittain, and the assumption by respondent of the payment of $71 due by respondent Joe Calvert to Jasper Calvert, as the administrator of the estate of J. C. Calvert, and the assumption by respondent Vida Calvert of the payment of two notes, aggregating $124, due and owing by the said respondent Joe Calvert." The case was submitted on the bill, exhibits, and answer; no other proof being offered. The answer having thus admitted the equities of the bill, except as to the bona fides and the consideration, as to which the burden of proof was upon the respondents, the chancellor properly granted the relief prayed.

The note of testimony shows that the respondents submitted on their answer, the bill, and their answers to the interrogatories propounded to them by the complainant; but the record further shows that complainant objected to the respondents' offering this proof, and that the court sustained this objection, and properly so, because these answers were admissible only when offered by the complainant. Interrogatories propounded to the adverse party, under our statutes, are treated as being in the nature of a statutory substitute for a bill of discovery, and are not admissible in evidence unless offered by the party taking them, and, if offered at all, they must be offered as a whole, and then the party answering may have the benefit of the answers; but he cannot introduce them in evidence, certainly not over the objection of the party taking them. Such interrogatories and answers of the adverse parties are different from those of witnesses. The cases of *Gunn v. Hardy*, 130 Ala. 642, 31 South. 443, and *Schall v. Weil*, 103 Ala. 411, 15 South. 829, are conclusive. "In such a contest, the onus of proving that the conveyance was founded on an adequate and valuable consideration is upon the grantee. The bill in this case averred, and the

[Rucker v. Jackson, et al.]

proof showed, the complainants' claim against the alleged fraudulent grantor was in existence before and at the time of the conveyance to the grantee. It has long been settled in this state that in a controversy of this character the recital of the consideration of a deed thus assailed is not evidence against the creditor, and is the mere declaration or admission of the grantor, as between him and the grantee. There was no proof on the part of the grantee as to the consideration of this deed. He relied upon the denials in his answer, and supposed these put the burden of proof of the allegations of the bill on the complainants. Under our uniform rulings, we must regard the conveyance as voluntary and fraudulent.—*Hubbard v. Allen,* 59 Ala. 283; *Hamilton v. Blackwell,* 60 Ala. 545; *Zelnicker v. Brigham,* 74 Ala. 598; *Thornton v. City Council of Montgomery,* 88 Ala. 552 [7 South. 363]; *Chipman v. Glennon,* 98 Ala. 263 [13 South. 822]; *Schall v. Weil, supra.*

There was no error in the decree of the chancery court, and it must be affirmed.

Affirmed. All the Justices concur.