[Dowling, Admr. v. Garner, et al.]


# Dowling, Admr. *v.* Garner, *et al.*

### Bill to Declare Deed Fraudulent as Against Creditor.

(Decided November 4, 1915.   70 South. 150.)

1. **Fraudulent Conveyances; Creditors; Who Are; Torts.**—Ordinarily claims for damages arising from torts are within the protection of the statute against fraudulent conveyances, as persons having such claims are regarded as creditors within the meaning of the statute.

2. **Death; Wrongful Act: Damages.**—The damages provided for by § 2486, Code 1907, are punitive and not compensatory.

3. **Same.**—The fact that the damages recoverable under § 2486, are declared thereby to be such as the jury may assess, clearly shows the legislative intent to be that actions under said section should be in courts of law where jury trials can be demanded as of right, which is not true in a court of equity, where the submission of issues of fact to juries is discretionary with the Chancellor, and the verdict rendered merely advisory.

4. **Fraudulent Conveyances; Creditor's Bill; Unliquidated Claim for Tort; Inclusion.**—Where plaintiff's bill sought the recovery of a judgment against defendant under the provisions of § 2486, Code 1907, and to have conveyances of his property by defendant to his parents set aside as fraudulent under § 3739, Code 1907, the bill is without equity, since the claim being an unliquidated claim for punitive damages under § 2486, Code 1907, plaintiff was not a creditor within the meaning of § 3739, Code 1907.

APPEAL from Dale Chancery Court.

Heard before Hon. W. R. CHAPMAN.

Bill by R. M. Dowling as administrator of Marvin McDonald, against Mary E. Garner and another, for the recovery of damages, and to set aside certain deeds as fraudulent and void. Decree for respondent, and complainant appeals. Affirmed.

HILL, HILL, WHITING & STERN, for appellant. FOSTER, SAMFORD & CARROLL, for appellee.

GARDNER, J.—The complainant, as administrator of the estate of Marvin McDonald, deceased, filed this bill on January 12, 1912, against C. B. Garner and Mary E. Garner, alleging that respondent C. B. Garner, on January 25, 1910, did maliciously and wantonly shoot said Marvin McDonald, death resulting therefrom two days thereafter, and that said Garner immediately secreted himself and left the state of Alabama for parts unknown; that before he left he conveyed all his real estate to

his father, William Garner, a. copy of the deed being made an exhibit to the bill, and transferred to his father a large part of his personal property, and to his mother, Mary E. Garner, his bank stock; that said William Garner subsequently died, and bequeathed all of his property to respondent, Mary E. Garner. It is further alleged that said deed to William Garner and said transfer of personalty were made for the fraudulent purpose of defeating any suit for damages that might be brought, and that the same were voluntary, the recited consideration of said deed being simulated, and that said Mary E. Garner participated in said fraudulent intent. The bill seeks, first, a recovery of a judgment against respondent C. B. Garner, as damages for the said wanton killing of the intestate; and, secondly, that the said fraudulent conveyance and transfers be set aside.

The assignments of demurrer attacking the averments of the bill as to fraud, and as to the statute of limitations, were held by the chancellor to be not well taken. It was ruled, however, in the court below, that the assignment of demurrer taking the point that, as the complainant's claim rested upon section 2486 of the Code, he was not therefore such a creditor as to come within the influence of section 3739 of the Code, there having been no recovery of a judgment or suit at law brought for such purpose, was well taken, and such assignment of demurrer was sustained. From this decree the complainant prosecutes this appeal.

The bill clearly shows that its primary purpose is to recover a judgment against said respondent C. B. Garner for damages for the wrongful killing of the intestate, under the provisions of section 2486 of the Code, and that no suit at law had even been brought to recover any such judgment. Jurisdiction is attempted to be given the chancery court in the instant case by virtue of that feature of the bill which seeks to have set aside as fraudulent the transferring of the property as alleged therein; the insistence being that the claim for damages was of such character as to bring plaintiff within the influence of section 3739 of the Code, which authorizes a creditor without a lien to file a bill to discover and subject to the payment of his debt any property which has been fraudulently transferred or conveyed by the debtor, and that, as the chancery court has jurisdiction over this particular feature of the bill, it will therefore retain jurisdiction

[Dowling, Admr. v. Garner, et al.]

to the end, and grant full relief, and award the judgment for damages.

(1) It may be conceded, as recognized by the great weight of authority, that ordinary claims for damages arising from torts are within the protection of statutes against fraudulent conveyances, and that persons having such claims are regarded as creditors within the meaning of such statutes.—20 Cyc. 430; *Gunn v. Hardy,* 130 Ala. 642, 31 South. 443. See, also, *Calvert v. Calvert,* 180 Ala. 105, 60 South. 261. The above rule was recognized by this court in *Gunn v. Hardy, supra,* and seems to have been considered as so settled by counsel in trial of the case in *Calvert v. Calvert, supra,* where it is shown that plaintiff had obtained a judgment in the court of law.

Counsel for appellant have cited no case in which a chancery court attempted jurisdiction to award damages in a case of this character in a bill filed merely for the purpose of setting aside a fraudulent conveyance. We have examined many cases, and in each instance a judgment had either been recovered in a court of law or suit was pending. We have made no attempt, however, to examine all the cases which may touch upon the subject. The Supreme Court of Mississippi, in *Jones v. Jones,* 79 Miss. 261, 30 South. 651, disposes of the question of the jurisdiction of a chancery court to render a judgment in such a case in a rather summary manner by the simple statement to the effect that it was never the contemplation of the statutes authorizing the creditor to file a bill to set aside a fraudulent conveyance that chancery courts should take cognizance of a suit for unliquidated damages arising out of a tort before there has been a judgment at law ascertaining the damages. Such a question as there presented, however, is not before us for consideration, as the case there dealt with was for ordinary claims for damages arising from assault and battery and in which compensatory damages were recoverable. In such cases of ordinary claims for damages arising from a tort we are not here concerned, and we express no opinion as to the equity of such a bill.

(2, 3) The claims of this complainant rest upon the provisions of section 2486 of the Code of 1907, which in part reads as follows: "A personal representative may maintain an action, and recover such damages as the jury may assess, for the wrongful act, omission, or negligence of any person or persons, or cor-

poration, his or their servants or agents, whereby the death of his testator or intestate was caused, if the testator or intestate could have maintained an action for such wrongful act, omission, or negligence, if it had not caused death."

The damages provided for in this section are punitive and not compensatory.—*L. & N. R. R. Co. v. Robinson,* 141 Ala. 325, 37 South. 431. Such an action was not maintainable at common law and is of statutory origin. It provides for the recovery of such damages as the *jury may assess.* The instances in which a jury may be demanded as a matter of right in a court of chancery are extremely rare, and need no mention here further than to say it is quite clear that in an action of this character no jury could be demanded as a matter of right by either party; but it would be entirely discretionary with the chancellor whether the issues of fact would be presented to the jury, and, even if so presented, the verdict of the jury would not be binding upon the court, but would be merely of an advisory character. The language of the above-quoted section clearly evinces a legislative intent that such action should be brought in a court of law, where a jury trial would be demandable as a matter of right. A trial by jury may be considered as sacred to the defendant as to the plaintiff, and it has been a right most jealously guarded both by the courts and by the lawmaking powers.

Speaking to this statute (section 2486 of the Code) this court in *L. & N. R. R. Co. v. Street,* 164 Ala. 155, 51 South. 306, 20 Am. Cas. 877, said: "This statute has become fixed in this construction and effect, viz., that the recovery provided is punitive only.—*R. & D. R. R. Co. v. Freeman,* 97 Ala. 289, 11 South. 800, among others cited in the annotations to the statute. Being of that class of damages, the plaintiff is without legal right to them, as that right attaches to actual damages suffered.—*Comer v. Age-Herald Pub. Co.,* 151 Ala. 613, 44 South. 673, 13 L. R. A. (N. S.) 525. Such damages may be even forbidden, or affirmatively withheld, by legislative enactment, so far as impinging rights of property are concerned. In short, such damages, until a vested property right attaches to them through a judgment rendered in a party's favor, are not properly within the protection of Constitutions."

And, concluding, the opinion proceeds: "We think the principle, followed to its legitimate effect and result, forbids the re-

[McCary v. McLendon, et al.]

view and revision of a verdict, given in an action under the homicide statute, on the sole ground of the inadequacy of the sum assessed, that could only be, and was, we must assume, so assessed, as the jury's idea of the *punishment* due the wrongdoer."

In .the above case this court held that no vested property right could attach to such claims for damages under section 2486 of the Code of 1907 until a judgment rendered in the party's favor, and that such claims or damages are not properly within the protection of the Constitution. They are purely of statutory origin, and, as shown by the above quotation, are of such a character as may be forbidden or withheld by legislative enactment without affecting any rights of property. The recovery is of such sum as the jury in their discretion may assess as a punishment due the wrongdoer.

(4) Such being the character of the claim of the complainant, and the language of the statute giving vitality thereto prescribing that the same be assessed by a jury, and no judgment having been recovered, we are of the opinion that in such a case the complainant is not such a creditor as to come within the meaning and influence of section 3739 of the Code, and that therefore the bill is without equity. The decree so holding is accordingly affirmed. ·

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.