186 So.2d 922

## Cecil CHANDLER

v.

## Clement C. TORBERT et al.

5 Div. 819.

Supreme Court of Alabama.

June 16, 1966.

**462**

Fred Gray, of Gray & Seay, Montgomery, for appellant.

Samford, Torbert & Denson, Opelika, Oakley Melton, Jr., Steiner, Crum & Baker, Montgomery, and Russell, Raymon & Russell, Tuskegee, for appellees.

PER CURIAM.

This is a suit filed in the circuit court, in equity, of Macon County to sell for division a tract of land owned by complainants and respondents. Complainants allege that they and the respondents are joint owners of the property sought to be partitioned.

This appeal by respondent Cecil Chandler has several facets which focus on appellant's contention that the trial court committed prejudicial error in decreeing that appellant, Cecil Chandler, one of the respondents, did not have a lien against the property or the proceeds of sale for $12,942.09, or for any amount, as a result of taxes which he claims to have paid, repairs to houses, and for new construction and other improvements on said property.

The original bill contained paragraphs one to six, inclusive, followed by a prayer for relief. Paragraph 2 of the original bill was amended prior to service of process. Each respondent was served in the manner provided by law with a copy of the original bill and the amendment.

Appellant answered separately each paragraph of the original bill, including the amended paragraph made prior to service of process, followed with a concluding paragraph as follows:

"That the respondent, Cecil Chandler, and the other respondents who claim an interest in said property through Douglas Chandler, have paid taxes and insurance on the property described in the complaint for many years and have spent large sums of money for the repairs and upkeep of the property and the houses located thereon. And as such they should be reimbursed out of the proceeds of the sale, the money which they have spent for the joint benefit of all of the respondents and for the joint benefit of the grantors of the complainants."

It does not appear that a copy of the foregoing answer was served upon any of the respondents to the bill who allegedly are co-tenants with complainants in the property; nor was any summons issued to said respondents, and none was served on any respondent. There is a certificate of counsel that a copy of the answer was served upon solicitors of record for complainants.

Appellant and some of the other respondents amended their answer by adding a new paragraph as follows:

"7–A Each of said Respondents avers that it was necessary for them to employ an Attorney to prepare, file and defend this suit, and that they have employed the Attorney whose name is signed hereto for such purpose, and that a reasonable attorney's fee for the services rendered by such Attorney in this proceedings should be allowed out of and from the proceeds of the sale of said property to pay him for his services which inure to the benefit of all of said tenants in common."

Complainants then amended their bill of complaint. This amendment struck certain named parties respondent, and alleged

the interest of the remaining respondents but subject to certain dower interests. This was done by amending paragraph 2 of the original bill. Also, paragraph 4 of the original bill was amended.

Thereupon, appellant answered paragraph by paragraph the whole complaint, as amended, and included in the answer the paragraph above quoted relating to the employment of an attorney and allowance of a fee therefor. The amended answer omitted the paragraph in the original answer relating to reimbursement for insurance, taxes, repairs and improvements. No reference was made thereto.

This amended answer is an exact copy of the original answer to the complaint, as amended before service of process, except it omits the paragraph with reference to repairs, improvements, insurance and taxes.

Whatever legal efficacy as a cross-bill that the omitted paragraph had, if any, was abandoned when appellant failed to include the same or refer thereto in his amended answer to the bill as amended. We pretermit a determination that this sole paragraph, without more, was a cross-bill.

We determine that there was no pleading before the trial court at the time the case was submitted for final decree of sale that entitled appellant to a lien on the property as claimed in the omitted paragraph, supra.

After the trial court entered a decree confirming the commissioner's report of sale of the lands and ordering a reference to determine certain issues for distribution of the proceeds of sale, appellant, Cecil Chandler, for himself, filed a motion inviting the trial court to decide the validity of his alleged claim for taxes, improvements, repairs, etc., and also for a solicitor's fee.

This motion is without merit as to the alleged claim for taxes, improvements, etc., because, as we have already pointed out, the claim therefor, if valid, was abandoned and

was not before the trial court when he entered a decree of sale.

The only reference to such claim was in appellant's answers to complainant's interrogatories filed to respondent (appellant) pursuant to Rule 39(b), Equity Rules, Title 7, Appendix, Code 1940. These answers were not available to respondent (appellant) as evidence in support of a cross-bill, if any filed. See Rule 39(e), supra, reading as follows:

"The answers to such interrogatories * * * are evidence in the cause when offered by the party taking them; but such party is not precluded from offering other testimony touching the same facts, or from contradicting such answers, or from calling the other party to testify as a witness in open court, if the court permits." Wells v. Bransford, 28 Ala. 200(4); Branch Bank at Montgomery v. Parker, 5 Ala. 731(2); Horton v. Spears, 238 Ala. 464, 191 So. 622; Calvert v Calvert, 180 Ala. 105, 60 So. 261(2).

Appellant offered no evidence in support of his claim. The only thing he did touching said alleged claim was to list the answers to the interrogatories (asserting the claim) in his note of testimony.

Nor was there any evidence offered in support of his claim for a solicitor's fee. We hold that both claims were without merit under the pleadings and evidence.

We find no error asserted by the assignments that have been adequately argued. The decrees of the trial court are affirmed.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN, and COLEMAN, JJ., concur.