HOUSTON, Justice
(concurring specially).
In my special concurrence in Aetna Ins. Co. v. Lavoie, 505 So.2d 1050, 1060-1062 (Ala.1987), I expressed my concern that the lack of sufficient standards governing punitive damages awards in Alabama violates the due process clause of the Fourteenth Amendment of the United States Constitution and Article I, § 6, of the Constitution of Alabama of 1901.
As I set out in my dissent in Tatum v. Schering Corp., 523 So.2d 1042, 1048 (Ala.1988), this Court has held that a plaintiff is not entitled to punitive damages as a matter of right, Cower v. Age-Herald Pub. Co., 151 Ala. 613, 44 So. 673 (1907), and that punitive damages “may be even forbidden, or affirmatively withheld, by legislative enactment so far as impinging rights of property are concerned.” Dowling, Adm’r v. Garner, 195 Ala. 493, 70 So. 150, 151-52 (1915). Therefore, in Tatum, I concluded:
“Because the purpose of punitive damages is not to compensate the plaintiff, in considering punitive damages there is no ‘amount’ to which an uncompensated victim is entitled; and, therefore, there is no need for giving anyone assurance that a certain amount will be recovered. When considering punitive damages, the defendant’s right to fair punishment must be paramount....”
Tatum, at 1048-49.
The present case was tried before Tatum was released; and, for aught that appears, no constitutional challenge was filed in the trial court attacking the constitutionality of punitive damages awards in Alabama. If it had been, I would dissent.