# Sides *v.* Scharff Brothers.

*Bill in Equity by Creditors, to set aside Conveyances as Voluntary and Fraudulent.*

1. *Voluntary and fraudulent conveyances; averments of fraud.*—A voluntary conveyance is fraudulent and void as against the existing creditors of the grantor, without regard to the question of intent on his part; and when its validity is assailed by an existing creditor, additional averments of fraud, though too general and indefinite, do not affect the equity of the bill.

2. *Writings construed together: parties to bill.*—A deed executed by an embarrassed debtor, conveying a tract of land to a third person, on the recited consideration of "$50 and other things of value," and a deed then executed by said grantee, conveying the land, on the same consideration, to the debtor's wife and children, together constitute but one transaction, operating to pass the title from the debtor to his wife and children; and the grantee in the first deed, being a mere naked conduit of the title without interest, is not a necessary party to a bill filed by a creditor, seeking to set aside the conveyances and subject the property to his debt.

3. *Burden of proof as to consideration of conveyance assailed as fraudulent.*—When a conveyance of land by a debtor, to or for the benefit of his wife and children, is assailed by an existing creditor as fraudulent and voluntary, the *onus* is on the grantees to prove an adequate and valuable consideration; and the relationship between the parties requires that this proof shall be clearer and more satisfactory, than when the transaction is between strangers.

APPEAL from the Chancery Court of Walker.
Heard before the Hon. THOMAS COBBS.

GUNTER & SOWELL, COLEMAN & McINTYRE, for appellant.

W. B. APPLING, *contra.*

McCLELLAN, J.—The bill seeks to subject certain lands, conveyed by W. F. Sides to his wife and children, to the satisfaction of a debt due from him to the complainants, Scharff Brothers. It is alleged that one S. Glick and said Sides, from March 21st to May 7th, 1887, and before and after, constituted a mercantile firm under the name of S. Glick & Co., and between the dates stated became indebted as partners to the complainants, in sums aggregating $973.30 by account; that on July 27th, 1887, the account was closed by three promissory notes signed by the firm, and by each member individually, due respectively forty-nine, seventy-eight, and one hun-

[Sides v. Scharff Brothers.]

dred and eighty days from date, and that no part of said debt or debts has ever been paid. It is further made to appear that said firm was insolvent, and failed, dissolved, and went out of business, soon after the execution of these notes. The bill alleges that said Glick has left the State, and has no property here out of which complainants' debt could be made, nor are there any assets of said firm which could be subjected to its payment; that on July 9th, 1887, subsequent to the creation of the debt, and prior to the execution of the notes, said Sides conveyed to a third person, on a recited consideration of "fifty dollars and other things of value," the lands now sought to be subjected; that these lands were substantially all the property owned by Sides, and were worth fifteen hundred dollars; and that at the same time, and as a part of the same transaction, said grantee of Sides, on precisely the same recital as to consideration, conveyed all of said lands to the wife of said Sides for life, with remainder over to certain of their children. And the bill further alleges that said conveyances were "without any valuable consideration whatever, but wholly voluntary and gratuitous, which in law was a fraud on orators' rights, and tended to hinder and delay them in making their money on said notes;" and it is further averred that orators "are informed and believe, and allege the fact to be, that the 'fifty dollars and other things of value' named as the consideration in said deeds, are fictitious, or were never paid" by Sides' grantee to him, or by said Martha Sides [the wife] or her said children, or any one of them to said grantee. Then follow alternative averments, setting forth gross inadequacy of consideration, &c.; all of which may be dismissed from further consideration, since, in our opinion, the relief granted may be, indeed can only be, safely rested upon the original allegations as to the voluntary and gratuitous character of the conveyances.

1. It requires no argument to demonstrate, that the averments of the bill which we have quoted are amply specific and sufficient as a charge of fraud, on the strictest rules of equity pleading. A voluntary conveyance is a fraud upon existing creditors, and void *per se* as to them, without any regard to the intention of the parties, and without regard to the circumstances of the grantor, or the extent of his indebtedness, or of the kind or value of the property conveyed, so that even much less than is averred here would have sufficed to present a *prima facie* predicate for the relief prayed; and the demurrers on the ground that the averments of fraud are too general, and because of a failure to allege that the conveyances were made with intent to hinder, delay and defraud

creditors, are entirely without merit.—3 Brick. Dig., p. 515–6, § 119; *Seals v. Robinson*, 75 Ala. 363; *Caldwell v. King*, 76 Ala. 149; *Seals v. Pheiffer*, 77 Ala. 278; *Burford v. Steele*, 80 Ala. 147; *Ruse v. Bromberg*, 88 Ala. 620.

2. The conveyance by Sides to a stranger without interest, and by that stranger at the same time and place, and upon identical recital as to consideration, constituted but one transaction, involving a transfer of the title from Sides to his wife and children, the third person being a mere naked conduit of title, having no interest to be asserted or affected by any decree which could have been rendered in this cause. He was not a necessary defendant to the bill.

The other grounds of demurrer are so patently without merit that a discussion of them is not required. There was no error in the decree overruling the demurrers.

3. The bill, as we have seen, alleges that complainants' debt against Sides ante-dated the conveyances assailed here as fraudulent, and that the land attempted to be conveyed was substantially all the property owned by said Sides; and these averments are in effect admitted by the answers. On the case thus presented, the burden was on the grantees to show, by clear and satisfactory proof, the clearer and more satisfactory because of the close relations existing between the grantor and grantees, that the transfer was based upon an adequate and valuable consideration.—3 Brick. Dig. 520, §§ 173 *et seq.; Moog v. Farley*, 79 Ala. 246; *Wedgworth v. Wedgworth*, 84 Ala. 274; *Roswald v. Hobbie*, 85 Ala. 73; *Savings Bank v. McDonnell*, 89 Ala. 434.

It will serve no good purpose to enter upon a discussion of the evidence offered by the grantees, in the effort to discharge the *onus* thus resting upon them. It will suffice to say that the testimony adduced to that end is vague, unsatisfactory, and self-contradictory, and leaves the mind oppressed with the feeling that the attempt to show consideration, other than the fifty dollars recited in the deeds, was entirely an afterthought, performing no office in the way of original inducement to their execution; and the attempt, disconnected with this infirmity, fails utterly to satisfy us of the *bona fide* existence of the debt from Sides to his wife, sought to be proved as the "other things of value" recited as a part of the consideration. As to the fifty dollars itself, there is palpable conflict in respondents' testimony, on one aspect of which it was money paid at the time of the transaction, and on the other it was a debt of long standing due from Sides to his wife. And when the testimony of the notary public, who was present and took the acknowledgment of the deeds, to the effect that

[Black v. Tenn. Coal, Iron & Railroad Company.]

the third person paid Sides fifty dollars at that time as the consideration· of the first deed, and that Sides, as the consideration of the second deed, from his grantee to Mrs. Sides and the children, immediately paid the same money back to said grantee, is considered, we have no difficulty whatever in reaching the conclusion arrived at by the chancellor, that the conveyances were without any consideration, and were fraudulent and void as against the complainants' antecedent debt.

There is no merit in the claim of homestead brought forward in this case. The land now sought to be impressed with that character had been abandoned for several years, another place purchased and occupied as the home of the family, and no declaration of a claim of homestead appears to have ever been filed in the office of the judge of probate.—Code, § 2539; *Murphy v. Hunt*, 75 Ala. 438; *Beckert v. Whitlock*, 83 Ala. 123.

Affirmed.