# Wooten *et al.* v. Steele *et al.*

*Bill in Equity to Set Aside Fraudulent Conveyances.*

| 109 | 563 |
| 122 | 347 |
| 109 | 563 |
| 123 | 555 |
| 125 | 531 |

1. *"Creditor without a lien" includes a judgment creditor without a lien.*—A judgment creditor without a lien is "a creditor without a lien," within the hearing of the statute (Code, § 3544) authorizing such a creditor to file a bill in chancery to subject to the payment of his debt property fraudulently transferred or conveyed, or attempted to be fraudulently transferred or conveyed by his debtor.

2. *Person having contingent claim is a creditor, within meaning of law against fraudulent conveyances.*—Where the grantee in a conveyance of land promised in writing to pay the grantor one-half of the purchase money which the grantee should receive on a sale of the land conveyed, that undertaking of the grantee was the equivalent of a promissory note payable on a contingency, and the debt evidenced by it was within the protection of the law against fraudulent convey-

[Wooten *et al.* v. Steele *et al.*]

ances before, as well as after, the land conveyed to the grantee was sold by him.

3. *Res adjudicata.*—Where the complainants in a bill in equity to subject property alleged to have been fraudulently conveyed had recovered a money judgment at law against the defendant on a written obligation, all questions as to the rights of the complainants to recover on that demand were foreclosed by such judgment, and their rights in this regard cannot be called in question in defense to the bill in equity.

4. *Fraudulent conveyances; burden of proof of consideration, as against creditors.*—Where a bill in equity to subject property alleged to have been fraudulently conveyed alleged that the complainants were creditors at and prior to the time of the execution of the conveyance which was attacked, and that said conveyance was purely voluntary, and made with the intent to hinder, delay, and defraud complainants and other creditors; and the answer admitted the existence of the debt to the complainants at the time the conveyance was executed,—the burden was cast upon the respondents to both aver and prove that there was a valuable consideration for the conveyance, in what it consisted, and how it was paid.

5. *Voluntary conveyance is void as to existing creditors* under all circumstances, and as to such a conveyance the intention of the parties to it, the pecuniary condition of the grantor—whether solvent or insolvent,—the amount of his indebtedness, the value of the property conveyed, and the value of the property reserved by him, are immaterial matters.

APPEAL from the Chancery Court of Marengo.

Heard before the Hon. W. H. TAYLOE.

The written agreement of the defendant C. B. Wooten, referred to in the opinion, was as follows: "State of Alabama, Marengo County. Know all men by these presents, that I, Council B. Wooten, having purchased from Robert L. Steele, trustee, the tract of land known as the 'Odum Place,' in which the said Steele owned an undivided one-half interest, I hereby agree to pay the said Steele one-half the amount the above-mentioned lands may sell for. It is agreed that I am not to be responsible to the said Steele for any amount except it accrue from the sale or other disposition that may be made of the Odum land. Said land contains about 2,520 acres and is situated in Wilcox county, Alabama. This, the 23d day of May, 1882. C. B. Wooten." Upon the submission of the cause, on the pleadings and proof, the chancellor overruled the demurrers to the bill, and granted the complainants the relief prayed for. From the de-

[Wooten *et al.* v. Steele *et al.*]

cree to this effect the defendants appeal, and assign the same as error. Other material facts are stated in the opinion.

JOHN C. ANDERSON, C. K. ABRAHAMS and W. E. CLARKE, for appellants, cited 1 Brick. Dig. p. 655, § 219 ; *Evans v. Welch*, 63 Ala. 255 ; *Lehman v. Meyer*, 67 Ala. 401 ; *Matthews v. Mobile Mutual Ins. Co.*, 75 Ala. 89 ; *Jones v. Massey*, 79 Ala. 370.

GEORGE W. TAYLOR, contra, cited *M. & M. R. R. Co. v. Gilmer*, 85 Ala. 422 ; *Anderson v. Anderson*, 64 Ala. 403 ; *Bibb v. Freeman*, 59 Ala. 612 ; *Robinson v. Moseley*, 93 Ala. 70 ; *Wooten v. Steele*, 98 Ala. 252 ; *Harwell v. Mitchell*, 61 Ala. 270.

McCLELLAN, J.—This bill was filed by the appellees, Steele and others, to have certain conveyances executed by C. B. Wooten to other respondents and by the other respondents among themselves declared fraudulent and void as to complainants' debt against said Wooten, on the ground that all of said conveyances were voluntary, and made and accepted to hinder, delay and defraud complainants and other creditors of said Wooten. It is insisted by demurrer that complainants had no right to file the bill because they were neither judgment creditors with a lien, nor creditors without a lien, but only judgment creditors upon whose judgment no execution had been issued and whose judgment itself had not been registered in the office of the probate judge. The statute under which the bill is filed provides : "A creditor without a lien may file a bill in chancery to discover or to subject to the payment of his debt any property which has been fraudulently transferred or conveyed, or attempted to be fraudulently transferred or conveyed by his debtor." Code, § 3544. Unless we hold that a judgment creditor without a lien is not "a creditor without a lien," we must concur with the chancellor that this bill was well filed ; and we are not to be led into the absurdity of declaring such a proposition by the expressions of this court to which our attention has been called which were made with reference to other questions, and really have no bearing upon this. This ground of demurrer was properly overruled.

It was objected by demurrer that the bill did not show that complainants' debt existed at the time the alleged fraudulent conveyances were executed. This is equally without merit. The bill shows that Wooten, on a day named, in 1882, undertook and promised in writing to pay the ancestor of complainants one-half of the purchase money he, Wooten, should receive for certain land which the ancestor then conveyed to him; that on the day of the alleged fraudulent conveyances, he sold said land for $3,000, and that complainants have recovered judgment against him for one-half of that amount with interest. For all the purposes of this case that undertaking was the equivalent of a promissory note payable on a contingency, and the debt evidencod by it was fully within the protection of the law against fraudulent conveyances before, as it was after, the land had been sold by Wooten, the debt thereby being rendered certain as to amount, and brought to maturity.—*Mobile & Montgomery R'y Co. v. Gilmer*, 85 Ala. 422, 435; *Fearn v. Ward*, 65 Ala. 33; *Bibb v. Freeman*, 59 Ala. 612; *Anderson v. Anderson*, 64 Ala. 403; *Foote v. Copp*, 18 Ala. 585.

All which is said in one way or another in the case with reference to this debt not being due to the complainants' ancestor individually, but only as trustee, and, therefore, really to the beneficiaries in a trust deed, &c., &c., and as to complainants, on that account, and for the further reason that, as is contended, it was not sufficiently shown that all the debts of said Steele had not been paid, &c., &c., having no right to maintain this suit as his heirs and distributees, &c., &c., is of no possible consequence. All those questions were forever foreclosed by the judgment at law which these complainants, as plaintiffs, in the capacity and right of heirs and distributees of said Robert Steele, deceased, recovered of said Wooten, and which has been affirmed in this court. *Wooten v. Steele*, 98 Ala. 252.

The complainants having averred that they were creditors prior to and at the time of the execution of the conveyances which they attack, and the respondents having admitted the execution by Wooten of the undertaking to pay one-half the purchase money received by him for certain land, that the land was sold, and he received the purchase money,—facts which in law show that Wooten was indebted to complainants at and before the time of

executing said conveyances on the demand which they now seek to enforce,—and complainants having further alleged that said conveyances were purely voluntary, and made with the intent to ·hinder, delay and defraud complainants and other creditors,—the burden was upon the respondents to both aver and prove that there was a valuable consideration for each of the conveyances, in what it consisted and how it was paid. *Robinson v. Moseley*, 93 Ala. 70. This burden they have wholly failed to meet and discharge either in averment or proof. They neither aver nor prove the facts which ·alone could emasculate complainant's *prima facie* right to the relief prayed, resting on the allegation and admission of pre-existing indebtedness and the voluntary character imputed to the deeds by the bill. On this state of case, the intention of the parties to the voluntary conveyances, the pecuniary condition of the grantor—whether solvent or insolvent—the amount of his indebtedness, the value of the property conveyed and the value of the property reserved by him, are utterly immaterial matters. A voluntary conveyance is void as to existing creditors under all circumstances.—*Bibb v. Freeman*, 59 Ala. 612. And nothing remained for the channcellor but to render the decree found in the record, and it is

Affirmed.