# Freeman *et al. v.* Bridges.

## Action of Assumpsit.

1. *Pleading and practice; when demand for jury trial sufficiently made.*—When from a judgment rendered by a justice of the peace in Jefferson county, the party cast in the suit appeals to the circuit court of said county, and upon his appeal bond his attorney endorses a demand that the cause be tried by a jury, which bond with the demand endorsed thereon is filed with the clerk of the circuit court as a part of the record of said cause, there is a demand for a trial of the cause by a jury made in writing by the party taking the appeal, in com-

pliance with the requirements of the statute regulating the practice in civil cases in the circuit court of Jefferson; and upon such demand the party appealing is entitled to have the cause tried by a jury.

APPEAL from the Circuit Court of Jefferson.
Tried before the Hon. A. A. COLEMAN.

D. L. Bridges, the appellee, brought an action of assumpsit against the appellants in a justice of the peace court, and recovered judgment against the defendants in said court. From this judgment the defendants appealed to the circuit court, giving an appeal bond. In the papers certified by the justice of the peace to the circuit court, there was included the appeal bond, and on this appeal bond there was indorsed a demand for a trial by jury, which was signed by the attorney for the defendant, as is shown by the opinion. The judgment entry is as follows: "This day came the plaintiff by his attorney, and the defendants being solemnly called came not but made default, and no pleas being filed, it is considered by the court that the plaintiff ought to recover but not being advised as to the just amount of damages sustained, the court proceeds to hear the evidence, and after hearing the same, the court assesses plaintiff's damages at forty-seven and no-100 dollars. It is, therefore, considered by the court that the plaintiff have and recover of the said defendants and J. F. Baldwin and C. T. Hardman, sureties on said appeal bond, the said sum of forty-seven and no-100 dollars, so assessed as aforesaid, together with all the costs in this behalf expended for which execution may issue. From this judgment the defendants appeal, and assign the rendition thereof as error.

RICHARD H. FRIES and LANE & WHITE, for appellant.

No counsel marked as appearing for appellee.

TYSON, J.—Under the act to regulate the practice and proceedings in civil cases in the circuit court of Jefferson county, in all cases brought by appeal or *certiorari* from judgments of justices of the peace or other inferior tribunals, the issues and questions of fact shall

[Boyles v. Knight.]

be tried by the court without a jury, unless a demand for a trial by jury be made in writing and filed in the cause by the party taking the appeal or suing out the *certiorari* at the time of taking or suing out the same, or by the opposite party within thirty days after he has been served with notice of appeal or *certiorari.*—Acts, 1890-91, p. 353.

It appears by the record that this suit was commenced in a justice court where a judgment was rendered against these appellants, from which judgment they appealed to the circuit court, giving a bond. Upon their appeal bond an endorsement was made in the following words: "A jury is demanded in this case for defendant. J. L. Meade, Attorney for Defendant."

By the appeal the cause was removed to the circuit court and it was the duty of the justice, which the record shows he complied with, to return all the original papers of the cause, together with a statement signed by him, of the case and the judgment rendered by him to the clerk of the court. Among the papers sent was this bond, which became a paper in the cause in the circuit court.—Code, §§484, 487. When it was received by the clerk of the circuit court with the demand by the defendants for a jury endorsed upon it, this was a filing by the defendants of their demand for trial by jury in the cause under the practice act. The rendition of the judgment by the court without the intervention of a jury in conformity to this requirement of the statute was error for which the judgment must be reversed and the cause remanded.

Reversed and remanded.