# Wood *v.* Potts & Potts.

*Bill in Equity by Creditors to set aside Voluntary Conveyance.*

1. *Voluntary conveyance; void as to existing creditors.*—A voluntary conveyance is void *per se* as to existing creditors; without regard to the intention of the parties or the financial condition of the grantor, or as to the kind, value and extent of the property conveyed.

2. *Deed; love and affection not a valuable, as distinguished from good, consideration.*—The love and affection of a grantor for the grantee in a conveyance, is not a valuable, as distinguished from a good, consideration, for such conveyance, and if no other consideration exists, such conveyance is voluntary as to existing creditors.

3. *Deed of conveyance to married woman; when support of grantor during life not sufficient consideration.*—Where, in a deed of conveyance to a married woman, executed in 1892, the consideration expressed is a promise on the part of the grantee to support and maintain during his life the grantor, and it is not shown that the grantee's husband, in writing, assented to or concurred in the alleged promise to support the grantor, such promise is not binding and enforceable as a valuable consideration for such vonveyance, so as to make such conveyance valid as to existing creditors; the statute existing in 1892 making a married woman incapable of contracting except with the assent and concurrence of her husband expressed in writing, (Code, § 2346).

4. *Bill by existing creditor to subject land conveyed by voluntary conveyance.*—Existing creditors of a grantor in a voluntary conveyance can, under the statute, ͺ૨ode, § 818), maintain a bill to subject the lands conveyed in said voluntary conveyance to the payment of their claim, without regard to the sufficiency of the legal assets belonging to the estate of the grantor.

APPEAL from the City Court of Talladega, in Equity.

Heard before the Hon. G. K. MILLER.

The bill in this case was filed by the appellees, Potts & Potts, against the appellant, Mattie M. Wood, and as amended averred, in substance, the following facts: One J. Matt Wood, together with G. E. Willman and E. C. Willman, on December 10, 1891, executed to complainants five bonds or notes under seal, for the sum of $214.75, each, payable respectively in 4, 5, 6, 7, 8 and 9 months after date, with interest. On March 7, 1892, said J. Matt Wood executed a deed conveying to the respondent, Mrs. Mattie M. Wood, the wife of A. C. Wood, about 210 acres of land specifically described in said deed. The consideration, as expressed in said deed was as follows: "That the said J. Matt Wood for and in consideration of the natural love and affection he bears to the said Mrs. Mattie M. Wood and the further consideration that she (Mrs. Mattie M. Wood) has bound and hereby binds herself to support and maintain in comfort the said J. Matt Wood during his life time, has granted," etc. A copy of this deed was attached as an exhibit to the bill, and the foregoing was the only consideration expressed therein.

At the time of the execution of said deed, on March 7,
1892, the said J. Matt Wood was ill and died the follow-
ing day, to-wit, March 8, 1892. At the time of the execu-
tion of said deed, J. Matt Wood was indebted to the com-
plainants upon the notes hereinabove referred to, and by
and after such conveyance said J. Matt Wood became
and was insolvent and his then outstanding obligations
were more than the value of his property. Said J. Matt
Wood left a will which was probated. The executors ap-
pointed upon the probate of the will were subsequently
removed, and there was appointed an administrator *de
bonis non* with the will annexed. Such administrator
filed in the probate court a report of the insolvency of
the estate of J. Matt Wood, and said estate was declared
insolvent by a decree of the probate court. The notes due
by said J. Matt Wood to the complainants were filed and
presented on November 12, 1892, as claims against the
estate of J. Matt Wood, deceased, and the same were
duly filed against said estate as an insolvent estate. On
November 17, 1892, the complainants brought suit on
said note against the executors of the will of the said J.
Matt Wood and G. E. and A. C. Willman. Subsequently,
on December 23, 1895, there was a judgment recovered
by the complainant against the administrator *de bonis
non* of the estate of J. Matt Wood, which, in accordance
with the order of the court was certified to the probate
court. The estate of J. Matt Wood was insolvent at the
time it was so declared and decreed to be insolvent by the
probate court of Talladega, and was still insolvent at the
time of the filing of the present bill, and the complain-
ants have never realized anything on their said indebted-
ness against said estate, and no part of said notes
or of said indebtedness has ever been paid. It was
averred in the bill that at the time of the execution of
said deed by J. Matt Wood to Mrs. Mattie M. Wood, said
J. Matt Wood was on his death bed, and that the princi-
pal consideration thereof was his love and affection for
Mrs. Mattie M. Wood; that the conveyance was intended
by the said J. Matt Wood as a gift and was a voluntary
conveyance, and void as against complainants as exist-
ing creditors of J. Matt Wood; that if said deed was not

[Wood v. Potts & Potts.]

purely a voluntary conveyance, that it was a conveyance in trust for the use and benefit of the grantor, and that the promises and agreement on the part of the grantee to support and maintain said grantor in comfort during his life time, expressed as a consideration in said deed, was the reservation of substantial benefit to said J. Matt Wood and was for his use and rendered said deed a conveyance in trust for him, and that the same was, for this reason, fraudulent and void as against complainants as existing creditors. It was then further averred that Mrs. Mattie M. Wood went into possession of said lands and has received more than $500 rent therefrom.

The prayer of the bill was that the conveyance from J. Matt Wood to Mrs. Mattie M. Wood, executed on March 7, 1892, be declared to be a voluntary conveyance and be annulled and cancelled as being fraudulent and void as to complainants as existing creditors of said J. Matt Wood, at the time of its execution.

The respondent made a motion to dismiss the bill for the want of equity and demurred to the bill upon many grounds. The demurrer in substance, presented the following questions: 1. That the complainants had an adequate remedy at law. 2. That the complainants have not exhausted their remedy at law against the estate of J. M. Wood, or that they had not exhausted their remedy against said estate before it was declared insolvent, or that the debt could have been collected out of the estate by the exercise of due diligence. 3. The bill fails to aver that complainants resisted the decree declaring the estate insolvent. 4. That the bill shows that the conveyance was *bona fide,* founded on a valuable consideration, and it is not averred that respondent had notice of J. M. Wood's insolvency or embarrassed condition when the deed was executed. 5. The bill fails to aver that J. M. Wood executed the deed with intent to hinder, delay or defraud his creditors, or that the substantial benefit alleged to have been reserved to the granetor was so reserved with the intent to injure, delay or defraud complainants or other creditors of the grantor. A further ground of demurrer is that the bill as amended shows that the deed is founded on a consideration "recognized

by law among the best and highest and most valuable, to-wit, a covenant to give to grantor a home for life, and hence the bill is without equity." The demurrers were overruled, and this decree is also assigned as error. The motion to dismiss the demurrers was overruled. Thereupon the respondent filed an answer, in which she denied that at the time of the execution of the deed J. M. Wood was insolvent, and denied that there was any fraud in the execution of said deed and averred facts setting up that the conveyance was made not only in consideration of the love and affection the grantor had for Mrs. Mattie Wood, but also for the purpose of securing the proper support and care for the grantor during his life, and that he died suddenly and unexpectedly on the day after the execution of the conveyance.

It is unnecessary to set out the other facts in the case.

On the submission of the cause for final decree on the pleadings and proof, the chancellor decreed that the complainants were entitled to the relief prayed for, and ordered accordingly. The respondent appeals, and assigns as error the decree overruling the motion to dismiss the bill for the want of equity, overruling the demurrers, and the final decree granting the relief prayed for by the complainant.

ALEX. M. GARBER and KNOX, BOWIE & DIXON, for appellant.—The provision · in the deed attacked by complainant whereby the respondent bound herself to support and maintain the said J. M. Wood during his life time, is a valuable consideration as contra-distinguished from a good consideration, and therefore, the deed can not be considered a deed of gift or a voluntary conveyance.—9 Am. & Eng. Encyc. (2d ed.),. p. 103 and notes; 6 Am. & Eng Encyc. of Law, (2 ed.), p. 694-725; 14 Am. & Eng. Encyc. of Law, (2d ed.) p. 298; *Bibb v. Freeman,* 59 Ala. 612; *Kennebrew v. Kennebrew,* 35 Ala. 628; *Crawford v. Kirksey,* 55 Ala. 282; *Pickett v. Pipkin,* 64 Ala. 520; 122 Ala. 619; *Sandlin v. Robins,* 62 Ala. 477. Any act of the respondent from which she sustained any detriment or inconvenience, or from which the grantor,

J. M. Wood, derived a benefit, is a sufficient consideration to fall in the definition of a valuable consideration and sufficient to support the conveyance.—*Holt v. Robinson*, 21 Ala. 106, and cases *supra*.

A bill filed under the statute (818, Code of 1896) in order to render the averment of fraud sufficient, must aver that the grantor made the conveyance with the intent to hinder, delay or defraud.—*Rice v. Eiseman & Co.*, 122 Ala. 343; *McClarin v. Anderson*, 104 Ala. 201; *Eichold v. Orr*, 106 Ala. 237; *Beall v. Lehman*, 110 Ala. 446.

Where a bill in a case of this kind fails to allege insufficiency of the assets at the time of the death of the grantor, or during the administration of his estate, or where the evidence shows sufficiency of the assets both at the time of the death and at the time of the execution of the conveyance, as is done in this instance, the complainants certainly have no right to relief; the creditors attacking the conveyance must both allege and prove that the fraudulent grantor died insolvent.—*Battle v. Reed*, 68 Ala. 149; *Merchants' Bank v. McGehee*, 108 Ala. 204.

WHITSON & GRAHAM, *contra*.—The grantee in a voluntary conveyance, or other conveyance fraudulent against creditors of the grantor, holds the property as a trustee *in invitum* for the creditors. And the right of a creditor to file a bill to set aside a voluntary or other fraudulent conveyance of lands made by his debtor is not barred under ten years from the date of the conveyance; the suit being a proceeding to enforce a constructive trust in lands. In cases where the statute has created a bar, the creditor has one year from the discovery of the fraud in which to bring suit.—*Washington v. Norwood* (Ala.) 30 So. Rep., p. 405, and authorities cited on p. 406; *Stoutz Admr. v. Huger*, 107 Ala. 248-253; *Yates v. Adams*, 119 Ala. 246; Code, § 2813.

The deed from J. Matt Wood to the respondent, Mrs. Mattie Wood, was a voluntary conveyance.—*VanWyck v. Seward*, 18 Wendell, 386; *Fellows v. Lewis*, 65 Ala. 343-353; 14 Am. & Eng. Ency. of Law (2d ed.), p. 299, note 3.

That appellees were existing creditors of J. M. Wood at the time of the execution of the conveyance, was admitted by appellant's counsel on the hearing, and indeed it does not admit of doubt, the notes or bonds under seal having been executed several months before.   It makes no difference that they were not due at the time of the conveyance.—*Yeend v. Weeks,* 104 Ala. 341; *Bibb v. Freeman,* 59 Ala. 615; *Keel v. Larkin,* 72 Ala. 500; *Washington v. Norwood,* (Ala.) 30 So. Rep. 406.

A voluntary conveyance is void *per se* as to existing creditors "without regard to *the intention of the parties,* or to the *circumstances of the grantor,* or to the amount of his indebtedness, or to the kind, value or extent of the property conveyed." "*His solvency or insolvency* at the time of the execution of the conveyance or afterwards is wholly immaterial."—*Beal v. Lehman, Durr & Co.,* 110 Ala. 450; *Wooten v. Steele,* 109 Ala. 564-567; *Bibb v. Freeman,* 59 Ala. 612; *McClaren v. Anderson,* 109 Ala. 571; *Sides v. Scharff,* 93 Ala. 106; *Lehman v. Gunn,* 124 Ala. 213; 3 Brick. Dig. 515, § 119.

"If any part of the entire consideration for a promise or any part of an entire promise is illegal, whether by statute or at common law, the whole contract is void. Indeed, the courts go far in refusing to found any rights upon wrong-doing."—*Wadsworth v. Dunham,* 117 Ala. 670, and authorities there cited; 1 Brick. Dig., 382, § 116; Clark on Contracts, pp. 471-72; *Wynne v. Whisenant,* 37 Ala. 46; *Pettit's Admr. v. Pettit's Distributees,* 32 Ala. 309, and authorities there cited.

SHARPE, J.—It is settled that within the meaning of our statute, (Code, 1896, § 2156), a voluntary conveyance is void as to existing creditors of the grantor whatever may have been his financial circumstances or his intent in making the same.—*Beall v. Lehman, Durr & Co.,* 110 Ala. 450; *Sides v. Scharff,* 93 Ala. 107; *Wallen v. Montague,* 121 Ala. 287; *Ruse v. Bromberg,* 88 Ala. 619.

For the conveyance assailed by the bill the only consideration expressed is that of love and affection for the defendant and a promise by her to support the grantor during his life, and no other consideration is shown to

have existed. It is well understood that love and affection is not a valuable as distinguished from a good consideration. Under the law as it stood in 1892, when the conveyance was executed, the defendant being a married woman, was incapable of contracting, except with the assent or concurrence of her husband expressed in writing.—Code of 1886, § 2346. If it be assumed that defendant in fact promised support in accordance with the recitals of the conveyance, yet it nowhere appears that her husband, in writing assented to or concurred in that promise, and therefore the same was never enforceable. It was neither of detriment to the defendant nor of benefit to the grantor. Lacking both of such elements the promise did not make a consideration for the conveyance which, as against his then existing creditors, can be deemed valuable. In Bump on Fraudulent Conveyances, § 206, it is declared that "the note of a *feme covert* is not a valuable consideration although it may be paid subsequently," and this was held in *Howe v. Wildes,* 34 Me. 566. In Wait on Fraudulent Conveyances and Creditors' Bills, § 211, it is stated: "A conveyance by a husband to a wife made in consideration of love and affection and her promise to pay certain preferred claims and to support him, will not be upheld against creditors." See also *Goldsmith v. Russell,* 5 De G., M. & G. 547; *Penhall v. Elwin,* 1 Sm. & Gif. 258.

The lands having passed to defendant from the debtor Wood only by his voluntary conveyance were subject to the satisfaction of the debt of complainants, and they were by the statute (Code, 1896, § 818) authorized to proceed for their subjection without regard to the sufficiency of legal assets belonging to the debtors' estate. *McClarin v. Anderson,* 109 Ala. 571.

In the record there is nothing which indicates, the complainants have sought or received any benefit from the deed in question or have by any act or omission caused the defendant to forego any rightful advantage she may have had in respect to the subject matter, or the defense of the suit. Hence, it does not appear that they are estopped to invoke relief.—*Robins v. Wooten,* 128 Ala. 373.

[Karthaus *et al.* v. Nashville, Chattanooga & St. Louis Ry. Co.]

Evidence legally admitted and competent, supports the final decree. Therefore, if any error was committed in the admission of evidence it was not such as to afford cause for reversal. The assignment of error based on the admission of evidence is too general to merit particular discussion. There was no error overruling the demurrer to the amended bill or the motion to dismiss the same, or in the final decree.
Affirmed.