# Tyson, *et al. v.* South. C. O. Co., *et al.*

## Creditor's Bill.

(Decided February 14, 1913.   61 South. 278.)

1. *Fraudulent Conveyance; Grounds; Want of Consideration.*—A
conveyance by an insolvent debtor to his wife on a simulated con-
sideration is voluntary and void as against existing creditors, whether
mala fide or not.

2. *Same.*—Inadequacy of price alone may constitute fraud when
so gross as to shock the conscience.

3. *Same; Bill; Sufficiency.*—A bill by existing creditors alleging
that while insolvent respondent conveyed to his wife for a simulated
or fictitious consideration, real estate of a value greatly in excess of
the consideration expressed, leaving practically no property in re-
spondent out of which complainant's indebtedness could be satisfied
and that the wife accepted the conveyance to hinder and defraud
complainants, as to whom it was fraudulent and void, and that such
a conveyance constituted a preference, and was a general assign-
ment of defendant's property, was open to the demurrer to so much
of the bill as charged fraud mala fide, but was good as against the
other demurrers.

APPEAL from Lowndes Chancery Court.

Heard before Hon. L. D. GARDNER.

Creditors' bill by the Southern Cotton Oil Company
and others against J. A. Tyson and wife. From a de-
cree overruling their demurrers, respondents appeal.
Affirmed in part, and reversed and remanded.

Bill by the Southern Cotton Oil Company and others,
on behalf of themselves and such other creditors as may
desire to join, against J. A. Tyson and Bessie Tyson
to declare a deed void, and to subject the lands therein

conveyed to the satisfaction of the debts. The bill alleges an indebtedness of J. A. Tyson to the Southern Cotton Oil Company in the sum of $2,038.80, evidenced by three promissory notes, due, respectively, October 15, November 1, and November 15, 1908, with provision for reasonable attorney's fee, with waiver of exemption as to personal property, and that there is still due on the notes the sum of $1,305, besides the attorney's fee for collecting the same. The second paragraph alleges an indebtedness of J. A. Tyson to Goodall-Brown & Co. The third paragraph alleges that on February 3, 1908, J. A. Tyson and wife executed to the Union Bank & Trust Company a mortgage to secure a recited indebtedness of $8,640, which was to become due and payable on the 15th day of November, 1908, conveying to said Bank & Trust Company all of the crops of every description to be raised that year and in succeeding years, until the debt was paid, certain real estate which is described, and which is stated not to contain the homestead on which he then resided, and also conveying 18 mules and 1 horse. The fourth paragraph alleges that "on, to wit, the 5th day of September, 1908, the said J. A. Tyson executed and delivered to his wife, Mrs. Bessie B. Tyson, a deed of conveyance to the following described real estate [here follows a description by government subdivision, and also by boundaries], upon the expressed consideration in said deed of $4,000 and the assumption by the said Bessie B. Tyson of a mortgage which had been executed by said J. A. Tyson on part of the property described in said deed to the Union Bank & Trust Company," as previously alleged in the bill. Complainant alleges that the said Mrs. Bessie B. Tyson did not pay to her husband the said sum of $4,-000, as is recited in said deed, and that there was no valid assumption on her part of the indebtedness se-

cured by the mortgage executed to said Union Bank & Trust Company; and they further allege that the consideration for said deed was simulated; that the value of the land conveyed therein was greatly in excess of $4,-000 and the amount due and owing at that time by the said J. A. Tyson to the Union Bank & Trust Company under the mortgage referred to; that at the time of the execution of the same the said Tyson was indebted to said complaint in the sume above set forth, and complainant alleges upon information that the said Tyson was also indebted in large sums to other parties, the amounts and names of which are unknown to plaintiffs, and that outside of the property conveyed in said deed to Mrs. Tyson said J. A. Tyson was insolvent; that he owned no other real estate, and that most, if not all, of his personal property was covered by the mortgage hereinbefore mentioned; and that by execution of the mortgage and deed to the bank and to his wife the said J. A. Tyson had left practically no property out of which the indebtedness due these complainants and the other creditors of said Tyson could be satisfied. Complainants therefore allege and charge that the deed of conveyance by said Tyson to his wife was executed by him, he being the owner of said real estate at the time, and was accepted by the said Mrs. Bessie B. Tyson, for the purpose of hindering, delaying, or defrauding these complainants and the other creditors of said Tyson, and that said deed was fraudulent and void as to complainants and the other creditors of said Tyson, and that said deed was fraudulent and void as to complainant. But if complainants are mistaken in their allegation that said deed of conveyance was executed by the grantor and accepted by the grantee for the purpose of hindering, delaying, or defrauding complainants and the other creditors of said J. A. Tyson, and that the deed

was therefore fraudulent and void as to them, then complainants allege and charge that in and by the execution and delivery of said deed the said J. A. Tyson conveyed to Bessie B. Tyson substantially all of the property owned by him, which was at the time subject to execution, and that in and by the execution of said deed a preference or priority of payment of the indebtedness due and owing to the said Bank & Trust Company was given over the remaining creditors of said Tyson, and that said deed was and is a general assignment by the said J. A. Tyson of his property, and that same should inure to the benefit of all the creditors, and that the said Bessie B. Tyson should be a trustee of the property, etc., and made to account for the rents and profits, etc., of the property, and that the property should be sold for the benefit of the creditors. The prayer is for an accounting to ascertain the amount due the various creditors, and that the deed executed by Tyson to his wife be declared fraudulent and void, and the property be condemned to be sold, and for general relief.

Mr. and Mrs. Tyson demurred, on the grounds that the bill was without equity; that it showed on its face that Mrs. Tyson purchased in good faith; that it fails to show that Mrs. Tyson purchased in bad faith, with notice of the insolvency of the said J. A. Tyson, and that the bill shows a valid assumption by Mrs. Tyson to the Union Bank & Trust Company of their mortgage, and that the bona fides of this transaction is not assailed; that the relation of debtor and creditor does not exist between Mr. and Mrs. Tyson; and that no ground is shown for declaring the sale a general assignment. The Bank & Trust Company answered, which is not necessary to be here set out.

Complainant, after the decrees on the original demurrer, amended by striking from the fourth paragraph of the bill all its allegations relative to the deed being a general assignment for the benefit of creditors. The respondents, Mr. and Mrs. Tyson, refiled the same demurrers with additional demurrers to so much of the bill as seeks relief upon the ground that the deed from Tyson to his wife was made upon a grossly inadequate consideration; that it was not shown that Mrs. Tyson had knowledge or notice of the insolvency of J. A. Tyson, or of any knowledge or notice of the fraudulent intent of Tyson in making said sale, and that there is nothing alleged to show that Mrs. Tyson was not a bona fide purchaser, for value, of said land; and that the bill shows a valid assumption by her of the debt due to the Union Bank & Trust Company, thereby rendering her liable for said debts, and making her a purchaser of said lands for a valuable consideration.

From a decree overruling these demurrers, respondents J. A. and Bessie Tyson appeal.

JOHN R. TYSON, for appellant. The averment that there was no valid assumption of the indebtedness to the bank on the part of Mrs. Tyson is but a mere conclusion of the pleader, and is not confessed by the demurrer. So also is the averment that the deed was executed by J. A. Tyson, and accepted by his wife for the purpose of hindering delaying or defrauding the creditors. —*Tyson v. Austil,* 168 Ala. 525; *McCreery v. Berney Nat. Bank,* 116 Ala. 224; *Loucheim v. First Nat. Bank,* 98 Ala. 521; *Ft. Payne Co. v. Ft. Payne Co.,* 96 Ala. 472. The assumption of the debt to the bank rendered Mrs. Tyson liable to the bank for it.—*Dimmick v. Register,* 92 Ala. 458; *Tyson v. Austil, supra.* The general averment that the consideration is simulated is shown not to be true by the particular facts subsequently alleged.

[Tyson, et al. v. South. C. O. Co., et al.]

—*Johnson v. B. R. L. & P. Co.,* 149 Ala. 529; 59 Am. Dec. 418; 4 Enc. P. & P. 742. Being a purchaser the conveyance to her cannot be assailed unless it be shown and averred that she had notice of the insolvency of the husband.—*Little v. Stern,* 125 Ala. 609.

STEINER, CRUM & WEIL, and POWELL & HAMILTON, for appellee. The bill contains sufficient specific allegations of fraud, and was good against the demurrers interposed.—*Burford v. Steele,* 80 Ala. 150; *Rice v. Eisman,* 122 Ala. 343; *Miller v. Lehman-Durr Co.,* 87 Ala. 517; *Bell & Costen v. Lehman Durr Co.,* 110 Ala. 446; *Cartwright v. Bamburger, Bloom & Co.,* 90 Ala. 405; *McLarin v. Anderson,* 104 Ala. 202; *Klein v. Miller,* 97 Ala. 507; *Lamar & Rankin D. Co. v. Jones, et al.,* 155 Ala. 474; *Weingarten v. Marcus,* 121 Ala. 187.

ANDERSON, J.—The bill charges that the entire consideration of the deed from Tyson to his wife was simulated—that is, that the recited consideration of $4,000 was simulated—and that there was no valid assumption of the bank mortgage. If this averment is true, then the conveyance was voluntary and inoperative as against existing creditors, whether fraudulent mala fide or not. If the averment that there was no valid assumption of the mortgage debt was the conclusion of the pleader, the point was not taken by any of the grounds of demurrer. It is also true that the deed recites the assumption of the mortgage debt by the grantee, and as to whether this can be disproved we are not concerned, in passing on the demurrers to the bill, as said bill does aver that there was no valid assumption of the mortgage debt.

While the bill may charge that the conveyance was without consideration, it seems to guard against a failure to prove this averment by attempting to charge

that the consideration was inadequate, and charges fraud mala fide by way of a general conclusion, as it avers that the land was worth a great deal more than the amount of the bank mortgage and the consideration expressed in the deed combined, and that the deed was accepted by Mrs. Tyson for the purpose of hindering, delaying, or defrauding the creditors of the grantors. Inadequacy of price alone may constitute fraud, when so gross as to shock the conscience; but no such inadequacy is charged in the present case. "In charging fraud the rule is that mere conclusions, as that a conveyance is fraudulent, or that it was made with fraudulent intent, will not suffice against a proper demurrer." —*Little v. Sterne,* 125 Ala. 609, 27 South. 972. Notwithstanding complainant is an existing creditor, if Mrs. Tyson was a purchaser for value, though the consideration was inadequate, she would be protected, unless the consideration was so grossly inadequate as to constitute fraud in and of itself, or unless she had knowledge, actual or constructive, that the grantor was insolvent or in failing circumstances, or unless she had knowledge of and participated in a scheme on his part to hinder, delay or defraud his creditors.—*Little's Case, supra,* and cases there cited. The bill, in so far as it attempts to charge fraud mala fide, does not contain these necessary averments, and was subject to the respondents' demurrers directed at this feature of said bill, and which were not directed at the whole bill.

The demurrers as filed to the entire bill as amended were properly overruled, but those filed to so much of the bill as charged fraud mala fide should have been sustained.

Affirmed in part, and reversed and remanded.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.