## 57

William A. Batchelder
vs.                    } P.A.No.517
John Batchelder,
Executor

December 28, 1917

TANNER, P. J. This case is heard upon a motion to assign the case for trial by the Court without a jury. The case has already been tried to a jury, taken to the Supreme Court and the verdict of the jury set aside.

The motion is based upon the ground that no jury trial has ever been claimed in the case within the terms of the statute. Sec. 4 of Chap. 311 of the General Statutes of 1909 provides that in the case of an appeal from the Probate Court, if a matter of fact be in controversy, either party may at any time before assignment day claim a jury trial by

a notice in writing filed with the Clerk of the Superior Court. No particular form of filing such notice is claimed. In Arnold vs. Regan, 29 R. I. 71, the Court held that it was sufficient to file a written notice that the case be assigned for jury trial, the court saying that the motion was a request to the Court to grant the mover some right which he claims. "It is a notification that he considers himself entitled to what he asks. Any written words which convey the idea that the supposed right is insisted upon are enough. The object of the statute is to secure a jury trial of controverted matters of fact to any party who makes known his desire for it in writing at the proper place and time."

The appellant did claim a jury trial in the written claim of appeal which he filed in the Probate Court and under the law a copy of this document, including the claim of a jury trial, was transmitted to the Superior Court with the record of the case. There was thus among the papers of the case in the Superior Court an official copy of the original statement of the appellant to the effect that he desired a jury trial. We are inclined to think that this notification by the official copy transmitted according to law to the Superior Court and made a part of its record may be considered sufficient notification to the Court and other interested parties that the appellant did desire a jury trial.

In Freeman vs. Bridges, 123 Ala. 287, the claim of jury trial was written upon the papers of the case while they were in the original court and with the original papers were transmitted, according to law, to the appellate court. This was held to be a sufficient claim of jury trial in that court.

The transmission of the papers with the demand by the defendants for a jury trial endorsed upon them was held to be a filing by the defendants of their demand for trial by jury in the Appellate Court. We are inclined to think that the official filing by the Clerk of the Probate Court of the official copy of the original papers including the demand of jury trial may be held to be a sufficient claim of jury trial, since it places on file in writing in the Superior Court a notification of the appellant's desire for a jury trial.

We think that there is also reason to say that the appellee has waived his right to insist on a trial by the Court without a jury by having apparent notification of the appellant's desire for a jury trial and submitting thereto. Such acceptance has put the appellant to much unnecessary expense and trouble which might have been avoided if the contention of the appellee be true and he had insisted upon it at the proper time.

Motion is therefore denied.

For appellant: H. L. Carpenter.

For appellee: C. H. McFee.