**CALLAWAY et al. v. SELMA TRUST & SAVINGS BANK.** (5 Div. 958.)

(Supreme Court of Alabama. Dec. 16, 1926.)

**Fraudulent conveyances** ⊂⟹263(4)—Bill charging want of consideration for husband's deed to wife held not demurrable for not charging wife's knowledge of husband's fraudulent intent.

Bill charging that husband's deed to wife was without consideration *held* not demurrable for failure to charge that she knew of husband's fraudulent intent or purpose.

Appeal from Circuit Court, Chilton County; Geo. F. Smoot, Judge.

Bill in equity by the Selma Trust & Savings Bank against Geneva Callaway and others. From a decree overruling demurrer to the bill, respondents appeal. Affirmed.

J. B. Atkinson, of Clanton, for appellants.

A general averment that the conveyance is fraudulent is not sufficient; the bill must aver facts showing the fraud complained of. Little v. Sterne & Co., 125 Ala. 609, 27 So. 972. Where the conveyance assailed recites a substantial consideration, the bill must aver facts which show the grantee had knowledge, actual or constructive, that the grantor was insolvent or in failing circumstances, or had knowledge of and participated in the scheme of the grantor to hinder, delay, or defraud his creditors. Yeend v. Weeks, 104 Ala. 331, 16 So. 165, 53 Am. St. Rep. 50; Kelley v. Connell, 110 Ala. 543, 18 So. 9.

Lawrence F. Gerald, of Clanton, and Mallory & Mallory, of Selma, for appellee.

A creditor's bill, which alleges an existing debt, the relationship of husband and wife as to grantor and grantee, the conveyance after the creation after the debt, which conveyance is alleged to be voluntary and without consideration, is sufficient. Strickland v. Stuart, 200 Ala. 541, 76 So. 867; Wooten v. Steele, 109 Ala. 563, 19 So. 972, 55 Am. St. Rep. 947; Robinson v. Moseley, 93 Ala. 70, 9 So. 372.

ANDERSON, C. J. The bill of complaint is by an existing creditor against its debtor, Ralph Callaway, and his wife, Geneva Callaway, to set aside a certain deed made by said Ralph Callaway to his said wife. While the bill sufficiently charges fraud mala fide against the grantor, it does not charge fraud on the part of the wife, but that the conveyance was without consideration and voluntary as to her. Tyson v. Southern Cotton Oil Co., 181 Ala. 256, 61 So. 278; Woods v. Potts, 140 Ala. 425, 37 So. 253. As the bill charged that the deed was without consideration, it was immaterial whether the wife did or did not know of the fraudulent intent or purpose of the husband. The bill was not subject to the grounds of demurrer as urged and insisted upon in brief of counsel.

The decree of the circuit court is affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.

⊂⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes