### HARRIS et al. v. FIRST NAT. BANK OF TUSCUMBIA et al.

#### 8 Div. 501.

Supreme Court of Alabama.

June 15, 1933.

R. L. Polk, of Sheffield, for appellants.

O. P. Almon, of Florence, A. H. Carmichael and A. L. Shaw, both of Tuscumbia, and Wm. L. Chenault, of Russellville, for appellees.

GARDNER, Justice.

The bill is by simple contract creditors (section 7342, Code 1923) to avoid as fraudulent certain conveyances of real estate by their debtors.

■ True, by amendment to the bill, it appears that since its filing complainants have recovered at law judgments against both the maker and indorser on the notes, but this was merely for the purpose of foreclosing any defensive matters (Yeend v. Weeks, 104 Ala. 331, 16 So. 165, 53 Am. St. Rep. 50; Wooten v. Steele, 109 Ala. 563, 19 So. 972, 55 Am. St. Rep. 947), and in no manner changed the original character of the suit. No final decree having been rendered, such matter was properly presented by the simple expedient of an amendment to the bill. North Birmingham Am. Bank v. Realty Mortgage Co., 223 Ala. 30, 134 So. 796; Patton, Adm'r, v. Darden, Adm'r post, p. 129, 148 So. 806.

■ As to complainant Howard, the note by Thurmond Harris and indorsed by his father, J. C. Harris, with waiver of notice and protest of nonpayment, was executed in December, 1925, and the transfers sought to be avoided were in 1928 and 1929. As to complainant First National Bank of Tuscumbia, the note executed by Thurmond Harris and indorsed by his father, J. C. Harris, without condition or reservation, and with a guaranty of payment at maturity, appears by the original bill to have been executed in July, 1929. But the amended bill discloses that this note was but a renewal; the original indebtedness having been contracted in February, 1926, with indorsement of J. C. Harris thereon, and on each renewal note down to the one of 1929, and that the indebtedness has been due on said notes since 1926. The bill as last amended therefore discloses that complainant bank was also an existing creditor at the time of the execution of the conveyance of which complaint is here made. Galloway v. Shaddix, 197 Ala. 273, 72 So. 617.

■■ All conveyances are alleged to have been voluntary and without consideration, and were therefore void as to complainants who were existing creditors. Under such circumstances, the intention of the parties to the voluntary conveyances, the solvency or insolvency of the grantor, the value of the property conveyed, and that reserved by him, are utterly immaterial matters. Wooten v. Steele, supra; Callaway v. Selma Trust Co., 215 Ala. 367, 110 So. 809; Yeend v. Weeks, supra; Calvert v. Calvert, 180 Ala. 105, 60 So. 261; Tyson v. S. C. O. Co., 181 Ala. 256, 61 So. 278.

■ The two corporations to which conveyances are alleged to have been executed were organized in 1929 by the debtors, Thurmond Harris and his father, J. C. Harris, with Mary Harris, the wife of said J. C. and the mother of Thurmond, and the averment is that they were mere "dummy" corporations, created in furtherance of the scheme of the debtors to hinder, delay, and defraud complainants as their creditors, and that in fact the named individuals and the corporations are in reality one and the same. Under the bill's averments, such a corporation is a "mere simulacrum, formed in the image of a corporation" (Dixie Coal Co. v. Williams, 221 Ala. 331, 128 So. 799, 800), and presents no obstacle to relief; as to whatever scheme or device the debtor may resort, it lies within the province of a court of equity to remove it (Metcalf v. Arnold, 110 Ala. 180, 20 So. 301, 55 Am. St. Rep. 24).

■ Thurmond Harris is shown to be a stockholder in these corporations, and as such holds an interest in the property, under the facts disclosed, which is alleged to have been voluntarily and without consideration conveyed to said corporations. He is a proper party defendant. Spear v. Virginia-Carolina Chemical Corporation, 225 Ala. 17, 142 So. 33.

■ There is no averment in the bill indicating in the least that any of the property alleged to have been fraudulently conveyed was exempt to the grantor. This is therefore defensive matter to be brought forward by answer. Hartzog v. Andalusia National Bank, 222 Ala. 170, 131 So. 433.

Nothing concerning the interrogatories propounded to defendant, or any order sought in relation thereto, is here presented for consideration; the appeal here involving only the ruling on demurrers to the bill as amended.

The decree is free from error, and will be accordingly here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.